PATRICK J. MANSHARDT (S.B. # 178085)
PJManshardtlaw@aol.com
SOUTHWESTERN LEGAL FOUNDATION
One Bunker Hill Building, Eight Floor
601 West Fifth Street
Los Angeles, California, 90071
Telephone: (213) 688-4045
Facsimile: (213) 688-4040

Attorney for Plaintiffs CUNZHU ZHENG, QUAN GUO, and the CHINA DEMOCRACY PARTY

DANIEL M. PETROCELLI (S.B. #097802)
dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
mkline@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067-6035
Telephone:    (310) 553-6700
Facsimile:     (310) 246-6779

Attorneys for Defendant YAHOO!, INC. and Specially Appearing Defendant YAHOO!, HONG KONG, LTD.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| CUNZHU ZHENG; QUAN GUO; the CHINA DEMOCRACY PARTY; and ALL SIMILARLY SITUATED INDIVIDUALS,<br><br>                    Plaintiffs,<br><br>     v.<br><br>YAHOO, INC., a Delaware Corporation, YAHOO! HONG KONG, LTD., a Foreign Subsidiary of YAHOO!, INC Subsidiaries of YAHOO!, INC.; and PEOPLES REPUBLIC OF CHINA,<br><br>                    Defendants. | Case No.  C08-01068 MMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Conference Date:  August 22, 2008**<br>**[**Stipulation and proposed order requesting continuance to **September 27, 2008** have been filed and are pending before the Court**].**<br><br>**Time:  10:30 a.m.**<br><br>**Judge:  Hon. Maxine M. Chesney** |

C08-01068 MMC
JOINT CASE MANAGEMENT STATEMENT

Plaintiffs Cunzhu Zheng, Quan Guo, and the China Democracy Party ("plaintiffs"), Defendant Yahoo!, Inc. ("Yahoo!"), and specially appearing Defendant Yahoo! Hong Kong, Ltd. ("YHKL," collectively "Yahoo! defendants")[1] respectfully submit this Joint Case Management Statement pursuant to Northern District Local Rule 16-9(a). Defendant the People's Republic of China ("PRC") has not communicated with counsel for either plaintiffs or the Yahoo! defendants and thus does not join this Joint Statement.

Because this case is in its very early stages (the Yahoo! defendants waived and accepted service, pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, on August 4, 2008), the Yahoo! defendants and the plaintiffs submitted a stipulated request to the Court on August 4, 2008, for an order continuing the Case Management Conference in this matter to September 27, 2008. The Yahoo! defendants and the plaintiffs also asked that this initial case management statement be due on September 19, 2008. The Yahoo! defendants and the plaintiffs further stipulated to extend the time for defendants to answer or otherwise respond to plaintiffs' complaint until and including September 17, 2008. The Court has not yet ruled on the parties' stipulated request to continue the Case Management Conference.

Given the Court has yet to rule on these requests, and out of an abundance of caution, the Yahoo! defendants and plaintiffs hereby submit this joint case management statement today to comply with the Court's existing scheduling order requiring it. However, because this case has just gotten underway, the parties have not yet had the opportunity to discuss each matter addressed herein in full. The parties anticipate completing their preliminary discussions in the coming weeks, and therefore request the right to file a supplemental case management statement on September 19, 2008, or an earlier date, should the Court prefer it.[2]

**I.    JURISDICTION AND SERVICE**

   A.    <u>Service.</u>  Yahoo! and YHKL have waived and accepted service, *see* Joint Stip. for Add. Time to Answer or Otherwise Respond to First Amended Compl., filed August 4, 2008, ¶ 4,

---

[1] By joining this statement, specially appearing defendant Yahoo! Hong Kong, Ltd., does not waive its right to assert lack of personal jurisdiction. *See infra*.

[2] By submitting this joint statement Docnt, neither party concedes that the other party's factual and legally assertions are correct, nor waives any claim or defense.

C08-01068 MMC
JOINT CASE MANAGEMENT STATEMENT        - 2 -

1 but have not waived any substantive defense, including the right of YHKL to contest personal

2 jurisdiction. Service has been attempted on the PRC through the Geneva Convention, but the

3 PRC has not yet responded.

4        B.     <u>Venue</u>. The parties agree that this case is located in the proper venue.

5        C.     <u>Personal Jurisdiction</u>. YHKL presently disputes that it is subject to personal

6 jurisdiction in California.

7        D.     <u>Subject Matter Jurisdiction</u>.

8          1.     Plaintiffs seek relief under both federal and California law. Plaintiffs

9 contend that the Court has federal question jurisdiction under the Alien Tort Statute and the

10 Torture Victim Protection Act, 28 U.S.C. § 1350 and note, with regard to its claims against the

11 PRC, and the Electronic Communications Privacy Act, 18 U.S.C. § 2701 *et seq.*, with regard to

12 its claims against the Yahoo! defendants and the PRC.

13          2.     The Yahoo! defendants believe the Court lacks subject matter jurisdiction

14 over each of plaintiffs' claims, because, *inter alia*, plaintiffs' complaint asks this Court to

15 adjudicate non-justiciable political questions. *See, e.g.*, *Corrie v. Caterpillar, Inc.*, 503 F.3d 974

16 (9th Cir. 2007). Moreover, the Yahoo! defendants submit that this Court lacks subject matter

17 jurisdiction over plaintiffs' claims under 18 U.S.C. § 2701 *et seq.* because plaintiffs do not have

18 standing and have failed to state a claim under that Act.

19 **II.**     **FACTS**

20       <u>Plaintiffs' Statement</u>

21       The facts are as alleged in the First Amended Complaint, filed June 16, 2008.

22       <u>Defendants' Statement</u>

23       The Yahoo! defendants take the allegations in plaintiffs' complaint seriously. Yahoo!

24 prides itself on helping people around the world communicate and strongly believes that free

25 speech and open expression are engines of intellectual advancement and democratic reform.

26 Toward that end, Yahoo! works actively with governments and private organizations to combat

27 censorship and political persecution wherever it may occur.

28       The Yahoo! defendants have just received plaintiffs' complaint, and are beginning the

meet-and-confer process with their counsel. The Yahoo! defendants hope, if possible, to resolve this litigation at an early stage.

The Yahoo! defendants dispute many of plaintiffs' assertions of fact. As a threshold matter, plaintiffs' complaint frequently fails to state *which* defendant (Yahoo!, YHKL, or the PRC) and *which* plaintiff (Zheng, Guo, the China Democracy Party, or unknown class members) it is discussing. As a result, it is often impossible to determine the facts alleged. The Yahoo! defendants do dispute, however, most of plaintiffs' contentions, including their allegations that:

- Any Yahoo! entity voluntarily agreed to aid the PRC in prosecuting dissidents;
- Any Yahoo! entity voluntarily cooperated in the persecution of Chinese individuals;
- Any Yahoo! entity supports or benefits from the practices of the PRC regarding online expression;
- Yahoo!, YHKL, and "Yahoo! China" are alter egos, control one another, or have a "unity of interest";
- Yahoo! or YHKL currently controls the Yahoo! China site;
- Any Yahoo! entity is responsible for Cunzhu Zheng's lost business opportunities or other alleged harms;
- Yahoo! or YHKL was involved in the alleged decision in January 2008 to block Quan Guo's name from Yahoo! China search results; or that
- Any action by a Yahoo! entity violates the Electronic Communications Privacy Act or Cal. Bus. & Prof. Code §§ 17200 *et seq*.

### III. LEGAL ISSUES

Plaintiffs' Statement

The legal issues are those presented in the First Amended Complaint, filed June 16, 2008.

Defendants' Statement

Defendants respectfully suggest that the legal issues include, but are not limited to:

*Threshold Justiciability Questions*

- Whether plaintiffs' claims are justiciable under *Sosa v. Alvarez-Machain*, 542 U.S. 692 (2004), the act of state doctrine, principles of international comity, and the

political question doctrine; and

- Whether the PRC is subject to sovereign immunity, and whether it is a necessary and indispensable party to this action.

*Jurisdictional and Standing Issues*

- Whether plaintiffs have standing to bring a claim under Cal. Bus. & Prof. Code § 17200, the ATS, or the TVPA;
- Whether any plaintiff has authority or standing to represent Zhi Li, who, according to the complaint, cannot communicate with counsel;
- Whether the China Democracy Party Zheng founded in California in 2006 has standing to represent members of a different organization with the same name in China; and
- Whether YHKL is subject to personal jurisdiction in California.

*Claims Issues*

- Whether plaintiffs have sued the proper defendants; in particular, whether plaintiffs Guo and Zheng's claims should be dismissed as against Yahoo! and YHKL rather than Alibaba.com Corporation, the Chinese company that has owned the Yahoo! China website since October 2005;
- Whether plaintiffs have stated a cognizable claim under ECPA against any party;
- Whether plaintiffs have stated a cognizable claim under the ATS or TVPA against the PRC; and
- Whether defendants' communications with Chinese law enforcement officials are privileged under federal, state, and international law.

## IV. MOTIONS

On June 23, 2008, prior to service on defendants, plaintiffs filed a motion to continue the Case Management Conference. The Court granted this motion and continued the Case Management Conference to August 22, 2008.

On August 4, 2008, the parties filed a stipulation extending the time for defendants to answer or otherwise respond to the First Amended Complaint to September 17, 2008, and a

stipulated request for an order continuing the Case Management Conference in this case to September 27, 2008.

On or before September 17, 2008, Yahoo! anticipates it will file a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1), (6) and (7), and an Alternative Motion for a More Definite Statement under Rule 12(e). Yahoo! might also file a special motion to strike pursuant to California law.

YHKL may file a Motion to Dismiss for Lack of Personal Jurisdiction under Rule 12(b)(2).

## V. AMENDMENT OF PLEADINGS

Plaintiffs filed a First Amended Complaint on June 16, 2008, prior to serving the Yahoo! defendants.

Plaintiffs' Statement

Plaintiffs intend to move to amend the First Amended Complaint as they have been contacted by persons currently in Chinese prisons who have contacted plaintiffs and have asked to be included in this action.

Plaintiffs also intend to seek leave to amend the First Amended Complaint if any of Defendants' Rule 12 motions are granted.

Defendants' Statement

Because the Yahoo! defendants plan to file motions to dismiss on or before September 17, 2008, they have yet to file an answer to the complaint. If defendants' motions to dismiss are denied, they will file a timely answer.

## VI. EVIDENCE PRESERVATION

Plaintiffs' Statement

Plaintiffs will preserve all evidence consistent with the FRCP.

Defendants' Statement

Consistent with the Federal Rules, the Yahoo! defendants have issued a litigation hold notice regarding this case.

1  **VII.   DISCLOSURES (Fed. R. Civ. Pro. 26(f))**

2  The parties are currently discussing the timing of initial disclosures under Federal Rule of
3  Civil Procedure 26(f) and will make such disclosures as soon as reasonably practicable.

4  **VIII.  DISCOVERY PLAN**

5  The parties are currently discussing and attempting to agree on a discovery plan for this
6  case. Because this case is in its very early stages (the Yahoo! defendants waived and accepted
7  service on August 4, 2008), the parties have not yet finalized a discovery plan. The parties
8  anticipate finalizing such a plan, and filing a report regarding the plan, prior to September 27,
9  2008, the date to which the parties have requested the Court continue the initial Case
10 Management Conference.

11     **A.   Discovery Taken to Date**

12 No discovery has been taken to date.

13     **B.   Scope of Discovery/Discovery Subjects (Fed. R. Civ. Pro. 26(f)(3)(B))**

14 The parties are currently discussing the scope of discovery and will submit a more
15 detailed statement on or before September 19, 2008, or an earlier date if the Court prefers.

16     **C.   Discovery Schedule (Fed. R. Civ. Pro. 26(f)(3)(A-B)**

17 The parties are currently discussing a discovery schedule and will submit a more detailed
18 statement on or before September 19, 2008, or an earlier date if the Court prefers.

19     **D.   Electronic Discovery (Fed. R. Civ. Pro. 26(f)(3)(C))**

20 The parties are currently discussing electronic discovery procedures and will submit a
21 more detailed statement on or before September 19, 2008, or an earlier date if the Court prefers.

22     **E.   Claims of Privilege or Protection as Trial Preparation Material (Fed. R. Civ. Pro. 26(f)(3)(D))**

23 The parties are currently discussing procedures for dealing with privileged documents and
24 will submit a more detailed statement on or before September 19, 2008, or an earlier date if the
25 Court prefers.

26

27

28

C08-01068 MMC
JOINT CASE MANAGEMENT STATEMENT      - 7 -

**F.** **Limitations on Discovery or Other Modifications to the Discovery Rules (Fed. R. Civ. Pro. 26(f)(3)(E))**

The parties are currently discussing whether there will be a need for limitation or modification of the discovery rules, and will submit a more detailed statement on or before September 19, 2008, or an earlier date if the Court prefers.

**G.** **Other Orders (Fed. R. Civ. Pro. 26(f)(3)(F))**

The parties are currently discussing whether there will be a need for protective or other discovery orders, and will submit a more detailed statement on or before September 19, 2008, or an earlier date if the Court prefers.

**IX.** **RELATED CASES**

The parties are aware of no cases related to this action.

**X.** **RELIEF**

Plaintiffs seek compensatory and punitive damages, and restitution, as well as declaratory relief determining defendants violated international law, injunctive relief to prevent defendants from complying with future demands for information by Chinese officials, and attorneys' fees.

**XI.** **SETTLEMENT AND ADR**

The parties have discussed ADR and have filed a stipulation and request for non-binding mediation pursuant to ADR L.R. 3-5.

Plaintiffs' Statement

Plaintiffs have agreed to non-binding mediation and are amenable to early discussions either with counsel directly or with the assistance with a magistrate judge.

Defendants' Statement

Plaintiffs' proposals are acceptable; however, if a settlement cannot be reached, the Yahoo! defendants believe that early motion practice will help frame the issues for settlement.

**XII.** **MAGISTRATE JUDGE**

The parties are not willing to submit this matter to a magistrate judge for all purposes.

**XIII.** **OTHER REFERENCES**

The parties do not believe this case is suitable for reference to binding arbitration, a

special master, or the Judicial Panel on Multidistrict Litigation.

## XIV. NARROWING OF ISSUES

The parties are not presently in a position to address whether it is feasible or desirable to: (a) narrow the issues in the case by agreement or motion, though the Yahoo! defendants believe the issues will be narrowed through their motion to dismiss; (b) bifurcate the issues, claims or defenses at trial; or (c) reduce the length of trial by stipulation, use of summaries, or other expedited means of presenting issues.

The parties will seek permission to update the Court regarding these matters at a later date.

## XV. EXPEDITED SCHEDULE

The parties do not believe this is the type of case that can be handled on an expedited basis with streamlined procedures.

## XVI. SCHEDULING

Because this case is in its very early stages (the Yahoo! defendants waived and accepted service on August 4, 2008), the parties have not yet had the opportunity to discuss or propose a schedule for this case.

## XVII. TRIAL

Plaintiffs have requested a jury trial of this action. Because the complaint is pled as a class action, with a currently unknown number of plaintiffs, the parties are unable to estimate trial length at this time. The Yahoo! defendants believe their planned motions to dismiss will narrow the issues substantially, if they do not dispose of the case altogether.

## XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The Yahoo! defendants filed a Certification of Interested Entities or Persons on August 4, 2008, stating that the following entities have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding: (1) Overture Services, Inc. (parent of Yahoo! Hong Kong, Ltd.) and (2) Yahoo! Asia Holdings, Ltd. (no known interest, but plaintiffs have attempted service on this entity).

Dated: August 14, 2008

PATRICK J. MANSHARDT
SOUTHWESTERN LEGAL FOUNDATION

By: /s/ Patrick J. Manshardt
   Patrick J. Manshardt
Attorney for Plaintiffs
CUNZHU ZHENG, QUAN GUO, and the
CHINA DEMOCRACY PARTY

Dated: August 15, 2008

DANIEL M. PETROCELLI
MATTHEW T. KLINE
O'MELVENY & MYERS LLP

By: /s/
   Daniel M. Petrocelli
Attorneys for Defendants
YAHOO!, INC. and Specially Appearing
Defendant YAHOO!, HONG KONG, LTD.

CC1:790338