DANIEL M. PETROCELLI (S.B. #097802)
dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
mkline@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
Telephone:     (310) 553-6700
Facsimile:     (310) 246-6779
Attorneys for defendant YAHOO!, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| CUNZHU ZHENG; QUAN GUO; the CHINA DEMOCRACY PARTY; and ALL SIMILARLY SITUATED INDIVIDUALS,<br><br>Plaintiffs,<br><br>v.<br><br>YAHOO, INC., a Delaware Corporation, YAHOO! HONG KONG, LTD., a Foreign Subsidiary of YAHOO!, INC Subsidiaries of YAHOO!, INC.; and PEOPLES REPUBLIC OF CHINA,<br><br>Defendants. | Case No. C08-01068 MMC<br><br>**DECLARATION OF DANIEL M. PETROCELLI IN SUPPORT OF YAHOO!, INC.'S MOTION TO CHANGE TIME AND TEMPORARILY TO STAY THE PENDING DEADLINES IN THIS CASE**<br><br>Judge:     Hon. Maxine M. Chesney |

I, Daniel M. Petrocelli, declare:

1.     I am an attorney licensed to practice law in the State of California (SB # 097802), and a partner in the law firm of O'Melveny & Myers LLP, counsel of record for defendant Yahoo! Inc ("Yahoo!"). I submit this declaration, pursuant to Civil Local Rules 6-3 and 7-11(a), in support of Defendant Yahoo!, Inc.'s Motion To Change Time And Temporarily To Stay The Pending Deadlines In This Case. Except where indicated otherwise, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently thereto.

2.     Although this action was filed on February 22, 2008, service of the summons and the original Complaint and First Amended Complaint were not attempted until July 17, 2008, when plaintiffs' counsel Patrick Manshardt purported to attempt service on Yahoo!.

1      3.     Yahoo! learned of this attempted service on July 28, 2008. In conducting initial

2  diligence on the case, it learned the same day that Mr. Manshardt was, according to the State

3  Bar's website, "ineligible to practice law." Attached as Exhibit A is a true and correct copy of

4  Mr. Manshardt's profile on the State Bar's website, which can be found online at

5  http://members.calbar.ca.gov/search/member_detail.aspx?x=178085, showing he was suspended

6  from the practice of law on July 1, 2008, for non-payment of dues.

7      4.     Upon learning of Mr. Manshardt's ineligibility, we contacted the California State

8  Bar ethics hotline, explained the facts of our case (without mentioning any names), and asked if

9  we could negotiate with opposing counsel or plaintiffs directly. We were advised that we should

10  not do so, unless we wanted to risk engaging in or aiding ethical violations or worse.

11      5.     On July 29, 2008, I sent a letter to Mr. Manshardt via email (with a copy also sent

12  by certified mail). A true and correct copy of this letter is attached as Exhibit B. In the letter, I

13  addressed Mr. Manshardt's purported service of the complaint and raised the prospect of

14  stipulating to service of the complaint and a schedule for responding to it, but at the same time

15  explaining that we could not do so until we had confirmation that he or another attorney had the

16  legal authority to negotiate such stipulations on behalf of plaintiffs.

17      6.     Mr. Manshardt responded to my letter (by email to Jessica Stebbins, an associate

18  in our firm) on July 29, explaining that the website was correct in that he was suspended for

19  nonpayment of dues, and would arrange to be reinstated. Ms. Stebbins replied by email on July

20  29 and July 30, explaining that we needed confirmation by Thursday, August 31, so we could file

21  a joint stipulation to extend time to respond to the complaint. Mr. Manshardt replied, stating that

22  he would call our office on Thursday, July 31, after he paid his bar dues via credit card and

23  obtained confirmation of his return to active status.

24      7.     On Thursday, July 31, Mr. Manshardt called and left a voice message for

25  Ms. Stebbins, stating that he was addressing the issue with the State Bar, and expected to be

26  reactivated shortly (but was not yet reactivated). He also sent an email to the same effect, that he

27  was "arranging for the payment," and expected his status to be changed "within the next hour or

28  so." We replied the same day by email, informing him that we would circulate a proposed

- 2 -

1    stipulation as soon as our office received confirmation of his active status.  On Friday, August 1,

2    Mr. Manshardt emailed Ms. Stebbins, stating he had been reinstated.  A true and correct copy of

3    this entire correspondence is attached as Exhibit C.

4        8.      After confirming Mr. Manshardt's eligibility on the State Bar website, we

5    negotiated stipulations waiving service without prejudice to our clients' other rights and

6    extending time for us to answer or otherwise respond to the First Amended Complaint.  We also

7    negotiated a stipulated request to continue the initial case management conference.  These

8    stipulations, attached as Exhibits D and E, were filed August 4, 2008.  We later negotiated a

9    stipulation to pursue mediation as our ADR option.  That stipulation was filed August 14, 2008.

10       9.      On August 15, 2008, the parties jointly filed an initial case management statement.

11   In this statement, Mr. Manshardt stated that plaintiffs planned to amend the complaint and add

12   new parties.  A true and correct copy of the joint statement is attached as Exhibit F.

13       10.     On August 15, 2008, I sent Mr. Manshardt a lengthy meet-and-confer letter via

14   email and certified mail.  This letter outlined several of the factual and legal deficiencies we

15   believe are present in plaintiffs' complaint.  It also expressed our desire to confer with plaintiffs

16   as soon as possible in order to, hopefully, resolve this case before proceeding further in court.  A

17   true and correct copy of this letter is attached as Exhibit G.

18       11.     On August 18, 2008, Mr. Manshardt replied, by email to Ms. Stebbins.  He stated

19   that he needed a few days to research the matters raised by my letter.  A true and correct copy of

20   this email is attached as Exhibit H.

21       12.     We have received no further substantive response from Mr. Manshardt regarding

22   the issues raised in the August 15 letter.  On September 2, 2008, I wrote to Mr. Manshardt again.

23   I explained that, given the upcoming motion to dismiss and case management conference, it was

24   important we confer with Mr. Manshardt and confirm whether his clients planned to amend the

25   complaint.  A true and correct copy of this letter is attached as Exhibit I.

26       13.     On Thursday, September 4, 2008, we checked Mr. Manshardt's profile on the

27   State Bar website because we had not heard from him.  The profile, attached as Exhibit A,

28   showed that he was again "not eligible to practice law," having been suspended on August 16,

- 3 -

1  2008, for "Child & Fam Supp noncompliance." It also showed that on August 25, 2008,

2  Mr. Manshardt had been "ordered inactive" in a disciplinary matter, case number 07-O-10914.

3  We pulled the docket for this case number from the State Bar Court's website. It showed that

4  disciplinary charges had been filed against Mr. Manshardt on December 10, 2007, and that the

5  case is ongoing. A true and correct copy of this docket is attached as Exhibit J.

6      14.     On Friday, September 5, 2008, Mr. Manshardt emailed Ms. Stebbins regarding the

7  September 2 letter. In a one-line email, he stated that he planned to respond substantively on

8  Monday, September 8. A true and correct copy of this email is attached as Exhibit K.

9      15.     On Friday, September 5, 2008, I wrote to Mr. Manshardt, expressing concern

10  about his current suspensions and our ability to conduct this case, given his status. In the letter, I

11  asked Mr. Manshardt to let us know if his suspension was lifted, or "if there is an active bar

12  member representing plaintiffs with whom we can confer in your stead." A true and correct copy

13  of this letter is attached as Exhibit L.

14      16.     On Monday, September 8, 2008, Mr. Manshardt emailed Ms. Stebbins, copying

15  me. The email stated, in its entirety: "I am currently out of town, but have an appointment with

16  the Department of Child Support tomorrow to get them to have the bar reinstate me." The email

17  did not refer us to anyone else representing plaintiffs, did not address the disciplinary order, and

18  did not state when Mr. Manshardt expected to be reinstated.

19      17.     According to the State Bar website, Mr. Manshardt has been suspended from the

20  practice of law six times, rendered administratively inactive once, and ordered inactive once.

21  Since appearing in this matter, he has been eligible to practice law for 54 days, and ineligible to

22  practice law for 54 days.

23      I declare under penalty of perjury under the laws of the United States that the foregoing is

24  true and correct. Executed in Los Angeles, California on this 9th day of September, 2008.

25

26  CC1:791818.2

Daniel M. Petrocelli

27

28

PETROCELLI DECL. IN SUPPORT OF
YAHOO!'S MOT. TO CHANGE TIME
C08-01068 MMC

Exhibit A

# THE STATE BAR OF CALIFORNIA

Tuesday, September 9, 2008                                                State Bar Home

Home > Attorney Search > Attorney Profile

## ATTORNEY SEARCH

## Patrick James Manshardt - #178085

### Current Status: Not eligible to practice law (Not Entitled)

See below for more details.

### Profile Information

| | | | |
|---|---|---|---|
| **Bar Number** | 178085 | | |
| **Address** | 1 Bunker Hill Bldg | **Phone Number** | (323) 931-4451 |
| | 601 W 5th St 8Fl | **Fax Number** | (323) 931-4451 |
| | Los Angeles, CA, 90071 | **e-mail** | pmanshardt@aol.com |
| District | District 7 | **Undergraduate School** | California St Univ Long Beach; CA |
| County | Los Angeles | **Law School** | Whittier Coll SOL; CA |
| Sections | None | | |

### Status History

| Effective Date | Status Change |
|---|---|
| Present | Not Eligible To Practice Law |
| 8/16/2008 | Not Eligible To Practice Law |
| 8/1/2008 | Active |
| 7/1/2008 | Not Eligible To Practice Law |
| 10/4/2007 | Active |
| 8/16/2007 | Not Eligible To Practice Law |
| 3/14/2007 | Active |
| 9/18/2006 | Not Eligible To Practice Law |
| 2/16/2005 | Active |
| 9/16/2004 | Not Eligible To Practice Law |
| 1/27/2004 | Active |
| 9/16/2003 | Not Eligible To Practice Law |
| 12/1/1995 | Admitted to The State Bar of California |

Explanation of member status

## Actions Affecting Eligibility to Practice Law

| Effective Date | Description | Case Number | Resulting Status |
|---|---|---|---|
| **Disciplinary and Related Actions** | | | |
| 8/25/2008 | Ordered inactive | 07-O-10914 | Not Eligible To Practice Law |
| **Administrative Actions** | | | |
| 8/16/2008 | Suspended/Child & Fam Supp noncompliance | | Not Eligible To Practice Law |
| 7/1/2008 | Suspended, failed to pay Bar membr. fees | | Not Eligible To Practice Law |
| 8/16/2007 | Suspended, failed to pay Bar membr. fees | | Not Eligible To Practice Law |
| 9/18/2006 | Admin Inactive/MCLE noncompliance | | Not Eligible To Practice Law |
| 9/18/2006 | Suspended, failed to pay Bar membr. fees | | Not Eligible To Practice Law |
| 9/16/2004 | Suspended, failed to pay Bar membr. fees | | Not Eligible To Practice Law |
| 9/16/2003 | Suspended, failed to pay Bar membr. fees | | Not Eligible To Practice Law |

Copies of official attorney discipline records are available upon request.

Explanation of common actions

Start New Search >

# Exhibit B



# O'MELVENY & MYERS LLP

BEIJING

BRUSSELS

HONG KONG

LONDON

LOS ANGELES

NEWPORT BEACH

1999 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-6035

TELEPHONE (310) 553-6700
FACSIMILE (310) 246-6779
www.omm.com

NEW YORK

SAN FRANCISCO

SHANGHAI

SILICON VALLEY

TOKYO

WASHINGTON, D.C.

July 29, 2008

OUR FILE NUMBER
0954120-0059

### VIA FACSIMILE, EMAIL, AND CERTIFIED U.S. MAIL

WRITER'S DIRECT DIAL
(310) 246-6850

Patrick J. Manshardt
Southwestern Legal Foundation
One Bunker Hill Building
601 West Fifth Street, Eighth Floor
Los Angeles, California 90071

WRITER'S E-MAIL ADDRESS
dpetrocelli@omm.com

Re:    *Cunzhu et al. v. Yahoo!, Inc., et al. (Case No. 3:08-cv-01068 MMC)*

Dear Mr. Manshardt:

We serve as litigation counsel for Yahoo!, Inc. ("Yahoo!") and Yahoo! Hong Kong Ltd. ("YHKL"), the named defendants in the above-captioned litigation that you recently filed, but did not initially serve, on behalf of plaintiffs Cunzhu Zheng, Quan Guo, and the China Democracy Party. Based on our review of on-line court records, it has come to our attention that you now purport to have effected service on defendants in the above-captioned case as of July 17, 2008. We write to express concern over your purported service and to address a number of other issues that we believe require immediate attention.

*First*, your attempted service on YHKL (by mailing a copy of the summons to a different entity not named as a defendant in your lawsuit, Yahoo! Asia Holdings, Ltd.) is improper on two counts. You served the wrong party, and Rules 4(f) and 4(h) of the Federal Rules of Civil Procedure prohibit service by mail on international corporations, absent prior court approval. *See Brockmeyer v. Marquis Productions, Ltd.*, 383 F.3d 798, 802-809 (9th Cir. 2004).

*Second*, we believe your attempted service on Yahoo! at its branch office in Santa Monica may have been improper. As far as we can tell, no one at the office has brought the complaint to the attention of Yahoo!'s in-house counsel, which would be the normal procedure had the complaint been served properly. Moreover, your proof of service—contrary to Local Rule 5-6 of the Northern District of California—fails to include the name of the Yahoo! representative on whom service was made; the proof of service only refers to a "responsible employee." Without the name of the person you served, we cannot determine why in-house counsel did not receive it or whether service was properly effectuated under Rule 4(h) and section 416.10 of the California Code of Civil Procedure—both of which require service on a

O'MELVENY & MYERS LLP
Patrick Manshardt, July 29, 2008 - Page 2

managing or general agent, or other high-ranking person authorized to receive service on behalf of the corporation.

Despite these concerns with service, we are amenable to discussing the possibility of waiving the right to service—though not waiving, of course, any substantive rights, such as challenges based on personal or subject matter jurisdiction or failure to state a claim. We would also like to discuss a negotiated extension of the time to respond to plaintiffs' complaint, given that we have just learned about service that, if validly effected on July 17, 2008, would render our clients' response due by August 6, 2008.

Normally, at this point, we would suggest a teleconference and circulate a stipulation addressing the service issue and extending our clients' time to respond. However, in doing our initial diligence in the case, it has come to our attention that the website for the California Bar Association lists your license to practice law as "suspended," and states that you are "not eligible to practice law." http://members.calbar.ca.gov/search/member_detail.aspx?x=178085.

In light of your suspension, we are concerned that any stipulation you signed on behalf of your clients would be invalid and subject you, and perhaps our firm, to sanctions by the Court. *See* Local Rule 11-8 of the Northern District (authorizing sanctions for unauthorized practice before the Court). Indeed, we are concerned that even working with you to negotiate such a stipulation with your clients directly might be a breach of the Court's local rules, your ethical duties, and our duties as well.

Given the impending August 6 response date that our clients arguably face, please let us know immediately if the California Bar Association website is mistaken about your status, if your suspension has been lifted, or if there is an active bar member representing plaintiffs with whom we can confer in your stead.

If we do not hear from you by 5 p.m. PDT tomorrow, we will be required to address these matters with the Court directly, and will need to do so prior to August 6, 2008, in order to preserve our clients' rights.

We hope that we can work out these matters amicably, thank you for your time, and look forward to your response.

All of Yahoo!'s and YHKL's rights and remedies are hereby reserved.

Very truly yours,

Daniel M. Petrocelli
of O'Melveny & Myers LLP

CC1-789648.2

Exhibit C

## Stebbins, Jessica

| | |
|---|---|
| **From:** | pjmanshardtlaw@aol.com |
| **Sent:** | Tuesday, July 29, 2008 9:26 PM |
| **To:** | Stebbins, Jessica |
| **Subject:** | Re: Attached letter from Daniel M. Petrocelli |

Dear Mr. Petrocelli:

Thank you for your letter.

Puting aside arguments about the effectiveness of service on you clients, I would in any event be amenable to an extension of time to respond in exchange for a waiver of service.

The State Bar website is apparently correct. I thought that the dues were not due until the end of August. I will call the State Bar tomorrow and arrange for payment of the dues.

Given that you are requesting more time to respond, I suggest that we request a continuance of the status conference currently set for Aug. 22, 2008 at 10:30 a.m. I have litigated in Judge Chesney's court before and have found that she is usually amenable to such requests. The status conference report is due on Aug. 15, 2008.

Patrick J. Manshardt

-----Original Message-----
From: Stebbins, Jessica <jstebbins@OMM.com>
To: PJManshardtlaw@aol.com
Cc: Petrocelli, Daniel <DPetrocelli@OMM.com>
Sent: Tue, 29 Jul 2008 5:03 pm
Subject: Attached letter from Daniel M. Petrocelli


Dear Mr. Manshardt,
Please review the attached letter.
Thank you,
**Jessica Stebbins**
**O'Melveny & Myers LLP**
1999 Avenue of the Stars, Los Angeles, CA 90067
(310) 246-8556
jstebbins@omm.com
*This message and any attached documents contain information from the law firm*
*of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are*
*not the intended recipient, you may not read, copy, distribute, or use this*
*information. If you have received this transmission in error, please notify the*
*sender immediately by reply e-mail and then delete this message.*
<<7-29-08 Letter to Patrick Manshardt.pdf>>

The Famous, the Infamous, the Lame – in your browser. Get the TMZ Toolbar Now!

## Stebbins, Jessica

| | |
|---|---|
| **From:** | Stebbins, Jessica |
| **Sent:** | Tuesday, July 29, 2008 10:31 PM |
| **To:** | 'pjmanshardtlaw@aol.com' |
| **Cc:** | Petrocelli, Daniel |
| **Subject:** | RE: Attached letter from Daniel M. Petrocelli |

Patrick,

Thanks for your email. We hope a stipulation can be reached, but before we can negotiate one we need confirmation of your eligibility. Given the impending August 6 deadline, we believe we need to get a joint stipulation on file by the end of the day Friday. That means we need confirmation of your status by the end of the day Thursday. If we can't get that confirmation, we may need to involve the Court, so as not to prejudice our clients. In filing any motion, we will have to explain all the circumstances. We appreciate this may be a matter that you don't want to air publicly, but we're in a real bind here.

Thanks,

Jessica

**Jessica Stebbins**
**O'Melveny & Myers LLP**
1999 Avenue of the Stars, Los Angeles, CA 90067
(310) 246-8556
jstebbins@omm.com
*This message and any attached documents contain information from the law firm*
*of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are*
*not the intended recipient, you may not read, copy, distribute, or use this*
*information. If you have received this transmission in error, please notify the*
*sender immediately by reply e-mail and then delete this message.*

---

**From:** pjmanshardtlaw@aol.com [mailto:pjmanshardtlaw@aol.com]
**Sent:** Tuesday, July 29, 2008 9:26 PM
**To:** Stebbins, Jessica
**Subject:** Re: Attached letter from Daniel M. Petrocelli

Dear Mr. Petrocelli:

Thank you for your letter.

Puting aside arguments about the effectiveness of service on you clients, I would in any event be amenable to an extension of time to respond in exchange for a waiver of service.

The State Bar website is apparently correct. I thought that the dues were not due until the end of August. I will call the State Bar tomorrow and arrange for payment of the dues.

9/9/2008

Given that you are requesting more time to respond, I suggest that we request a continuance of the status conference currently set for Aug. 22, 2008 at 10:30 a.m. I have litigated in Judge Chesney's court before and have found that she is usually amenable to such requests. The status conference report is due on Aug. 15, 2008.

Patrick J. Manshardt

-----Original Message-----
From: Stebbins, Jessica <jstebbins@OMM.com>
To: PJManshardtlaw@aol.com
Cc: Petrocelli, Daniel <DPetrocelli@OMM.com>
Sent: Tue, 29 Jul 2008 5:03 pm
Subject: Attached letter from Daniel M. Petrocelli


Dear Mr. Manshardt,
Please review the attached letter.
Thank you,
**Jessica Stebbins**
**O'Melveny & Myers LLP**
1999 Avenue of the Stars, Los Angeles, CA 90067
(310) 246-8556
jstebbins@omm.com
*This message and any attached documents contain information from the law firm*
*of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are*
*not the intended recipient, you may not read, copy, distribute, or use this*
*information. If you have received this transmission in error, please notify the*
*sender immediately by reply e-mail and then delete this message.*
<<7-29-08 Letter to Patrick Manshardt.pdf>>

The Famous, the Infamous, the Lame - in your browser. Get the TMZ Toolbar Now!

## Stebbins, Jessica

| | |
|---|---|
| **From:** | Stebbins, Jessica |
| **Sent:** | Wednesday, July 30, 2008 12:49 PM |
| **To:** | pjmanshardtlaw@aol.com |
| **Cc:** | Petrocelli, Daniel |
| **Subject:** | RE: Attached letter from Daniel M. Petrocelli |

Patrick,

I wanted to take this opportunity to briefly follow up regarding the email I sent last night. It is obviously imperative to our clients to get the matter of our response date resolved immediately. We hope, as I explained, to do this by stipulation. But we *must* have confirmation that you are eligible to enter such a stipulation. I have been informed that suspension for nonpayment of dues is lifted the same day the account is paid, and hope today to receive confirmation from you that your suspension has been lifted.

If we can't get that confirmation we will have no choice but to file a motion with the Court on Friday asking to extend our clients' time to respond and continue the August 22 status conference. We will explain to the Court the circumstances necessitating the motion and will attach copies of our correspondence. If you decide to file a response it would be helpful to advise when you expect your active status to be reinstated.

Thanks,

Jessica

**Jessica Stebbins**
**O'Melveny & Myers LLP**
1999 Avenue of the Stars, Los Angeles, CA 90067
(310) 246-8556
jstebbins@omm.com
*This message and any attached documents contain information from the law firm*
*of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are*
*not the intended recipient, you may not read, copy, distribute, or use this*
*information. If you have received this transmission in error, please notify the*
*sender immediately by reply e-mail and then delete this message.*

---

**From:** pjmanshardtlaw@aol.com [mailto:pjmanshardtlaw@aol.com]
**Sent:** Tuesday, July 29, 2008 9:26 PM
**To:** Stebbins, Jessica
**Subject:** Re: Attached letter from Daniel M. Petrocelli

Dear Mr. Petrocelli:

Thank you for your letter.

Puting aside arguments about the effectiveness of service on you clients, I would in any event be amenable to an extension of time to respond in exchange for a waiver of service.

The State Bar website is apparently correct. I thought that the dues were not due until the end of

August. I will call the State Bar tomorrow and arrange for payment of the dues.

Given that you are requesting more time to respond, I suggest that we request a continuance of the status conference currently set for Aug. 22, 2008 at 10:30 a.m. I have litigated in Judge Chesney's court before and have found that she is usually amenable to such requests. The status conference report is due on Aug. 15, 2008.

Patrick J. Manshardt

-----Original Message-----
From: Stebbins, Jessica <jstebbins@OMM.com>
To: PJManshardtlaw@aol.com
Cc: Petrocelli, Daniel <DPetrocelli@OMM.com>
Sent: Tue, 29 Jul 2008 5:03 pm
Subject: Attached letter from Daniel M. Petrocelli


Dear Mr. Manshardt,
Please review the attached letter.
Thank you,
**Jessica Stebbins**
**O'Melveny & Myers LLP**
1999 Avenue of the Stars, Los Angeles, CA 90067
(310) 246-8556
jstebbins@omm.com
*This message and any attached documents contain information from the law firm
of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are
not the intended recipient, you may not read, copy, distribute, or use this
information. If you have received this transmission in error, please notify the
sender immediately by reply e-mail and then delete this message.*
<<7-29-08 Letter to Patrick Manshardt.pdf>>

The Famous, the Infamous, the Lame - in your browser. Get the TMZ Toolbar Now!

9/9/2008

## Stebbins, Jessica

**From:** pjmanshardtlaw@aol.com
**Sent:** Wednesday, July 30, 2008 6:39 PM
**To:** Stebbins, Jessica
**Subject:** Re: Attached letter from Daniel M. Petrocelli

Thanks for your e-mail. I think you might be trying a little too hard here. Obviously, given my representations to you yesterday, I am not going to take a precipitous default judgment against your client. But in any event, I will call your office on Thursday morning after I make a credit card payment to the bar and get confirmation of my return to active status. We can then work on a stipulation for filing.


-----Original Message-----
From: Stebbins, Jessica <jstebbins@OMM.com>
To: pjmanshardtlaw@aol.com
Cc: Petrocelli, Daniel <DPetrocelli@OMM.com>
Sent: Wed, 30 Jul 2008 12:49 pm
Subject: RE: Attached letter from Daniel M. Petrocelli

Patrick,
I wanted to take this opportunity to briefly follow up regarding the email I sent last night. It is obviously imperative to our clients to get the matter of our response date resolved immediately. We hope, as I explained, to do this by stipulation. But we *must* have confirmation that you are eligible to enter such a stipulation. I have been informed that suspension for nonpayment of dues is lifted the same day the account is paid, and hope today to receive confirmation from you that your suspension has been lifted.
If we can't get that confirmation we will have no choice but to file a motion with the Court on Friday asking to extend our clients' time to respond and continue the August 22 status conference. We will explain to the Court the circumstances necessitating the motion and will attach copies of our correspondence. If you decide to file a response it would be helpful to advise when you expect your active status to be reinstated.
Thanks,
Jessica
**Jessica Stebbins**
**O'Melveny & Myers LLP**
1999 Avenue of the Stars, Los Angeles, CA 90067
(310) 246-8556
jstebbins@omm.com
*This message and any attached documents contain information from the law firm*
*of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are*
*not the intended recipient, you may not read, copy, distribute, or use this*
*information. If you have received this transmission in error, please notify the*
*sender immediately by reply e-mail and then delete this message.*


**From:** pjmanshardtlaw@aol.com [mailto:pjmanshardtlaw@aol.com]
**Sent:** Tuesday, July 29, 2008 9:26 PM
**To:** Stebbins, Jessica
**Subject:** Re: Attached letter from Daniel M. Petrocelli

Dear Mr. Petrocelli:

Thank you for your letter.

Puting aside arguments about the effectiveness of service on you clients, I would in any event be amenable to an extension of time to respond in exchange for a waiver of service.

The State Bar website is apparently correct. I thought that the dues were not due until the end of August. I will call the State Bar tomorrow and arrange for payment of the dues.

Given that you are requesting more time to respond, I suggest that we request a continuance of the status conference currently set for Aug. 22, 2008 at 10:30 a.m. I have litigated in Judge Chesney's court before and have found that she is usually amenable to such requests. The status conference report is due on Aug. 15, 2008.

Patrick J. Manshardt

-----Original Message-----
From: Stebbins, Jessica <jstebbins@OMM.com>
To: PJManshardtlaw@aol.com
Cc: Petrocelli, Daniel <DPetrocelli@OMM.com>
Sent: Tue, 29 Jul 2008 5:03 pm
Subject: Attached letter from Daniel M. Petrocelli


Dear Mr. Manshardt,
Please review the attached letter.
Thank you,
**Jessica Stebbins**
**O'Melveny & Myers LLP**
1999 Avenue of the Stars, Los Angeles, CA 90067
(310) 246-8556
jstebbins@omm.com
*This message and any attached documents contain information from the law firm*
*of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are*
*not the intended recipient, you may not read, copy, distribute, or use this*
*information. If you have received this transmission in error, please notify the*
*sender immediately by reply e-mail and then delete this message.*
<<7-29-08 Letter to Patrick Manshardt.pdf>>

The Famous, the Infamous, the Lame - in your browser. Get the TMZ Toolbar Now!

The Famous, the Infamous, the Lame - in your browser. Get the TMZ Toolbar Now!

9/9/2008

**Stebbins, Jessica**

| | |
|---|---|
| **From:** | pjmanshardtlaw@aol.com |
| **Sent:** | Thursday, July 31, 2008 11:46 AM |
| **To:** | Stebbins, Jessica |
| **Subject:** | Re: Attached letter from Daniel M. Petrocelli |

I am currently arranging for the payment of my bar dues as I write this. I expect that the bar will change my status back to active within the next hour or so,


-----Original Message-----
From: Stebbins, Jessica <jstebbins@OMM.com>
To: pjmanshardtlaw@aol.com
Cc: Petrocelli, Daniel <DPetrocelli@OMM.com>
Sent: Tue, 29 Jul 2008 10:30 pm
Subject: RE: Attached letter from Daniel M. Petrocelli


Patrick,

Thanks for your email. We hope a stipulation can be reached, but before we can negotiate one we need confirmation of your eligibility. Given the impending August 6 deadline, we believe we need to get a joint stipulation on file by the end of the day Friday. That means we need confirmation of your status by the end of the day Thursday. If we can't get that confirmation, we may need to involve the Court, so as not to prejudice our clients. In filing any motion, we will have to explain all the circumstances. We appreciate this may be a matter that you don't want to air publicly, but we're in a real bind here.

Thanks,

Jessica
**Jessica Stebbins**
**O'Melveny & Myers LLP**
1999 Avenue of the Stars, Los Angeles, CA 90067
(310) 246-8556
jstebbins@omm.com
*This message and any attached documents contain information from the law firm*
*of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are*
*not the intended recipient, you may not read, copy, distribute, or use this*
*information. If you have received this transmission in error, please notify the*
*sender immediately by reply e-mail and then delete this message.*


**From:** pjmanshardtlaw@aol.com [mailto:pjmanshardtlaw@aol.com]
**Sent:** Tuesday, July 29, 2008 9:26 PM
**To:** Stebbins, Jessica
**Subject:** Re: Attached letter from Daniel M. Petrocelli

Dear Mr. Petrocelli:


9/9/2008

Thank you for your letter.

Puting aside arguments about the effectiveness of service on you clients, I would in any event be amenable to an extension of time to respond in exchange for a waiver of service.

The State Bar website is apparently correct. I thought that the dues were not due until the end of August. I will call the State Bar tomorrow and arrange for payment of the dues.

Given that you are requesting more time to respond, I suggest that we request a continuance of the status conference currently set for Aug. 22, 2008 at 10:30 a.m. I have litigated in Judge Chesney's court before and have found that she is usually amenable to such requests. The status conference report is due on Aug. 15, 2008.

Patrick J. Manshardt

-----Original Message-----
From: Stebbins, Jessica <jstebbins@OMM.com>
To: PJManshardtlaw@aol.com
Cc: Petrocelli, Daniel <DPetrocelli@OMM.com>
Sent: Tue, 29 Jul 2008 5:03 pm
Subject: Attached letter from Daniel M. Petrocelli


Dear Mr. Manshardt,
Please review the attached letter.
Thank you,
**Jessica Stebbins**
**O'Melveny & Myers LLP**
1999 Avenue of the Stars, Los Angeles, CA 90067
(310) 246-8556
jstebbins@omm.com
*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*
<<7-29-08 Letter to Patrick Manshardt.pdf>>

The Famous, the Infamous, the Lame - in your browser. Get the TMZ Toolbar Now!

The Famous, the Infamous, the Lame - in your browser. Get the TMZ Toolbar Now!

## Stebbins, Jessica

| | |
|---|---|
| **From:** | Stebbins, Jessica |
| **Sent:** | Thursday, July 31, 2008 11:58 AM |
| **To:** | pjmanshardtlaw@aol.com |
| **Cc:** | Petrocelli, Daniel |
| **Subject:** | RE: Attached letter from Daniel M. Petrocelli |

Patrick,

Thanks for your email and voicemail. Once we have confirmation of your status, we will send a draft stipulation to the effect discussed in our letter.

Thanks,

Jessica

**Jessica Stebbins**
**O'Melveny & Myers LLP**
1999 Avenue of the Stars, Los Angeles, CA 90067
(310) 246-8556
jstebbins@omm.com
*This message and any attached documents contain information from the law firm*
*of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are*
*not the intended recipient, you may not read, copy, distribute, or use this*
*information. If you have received this transmission in error, please notify the*
*sender immediately by reply e-mail and then delete this message.*

**From:** pjmanshardtlaw@aol.com [mailto:pjmanshardtlaw@aol.com]
**Sent:** Thursday, July 31, 2008 11:46 AM
**To:** Stebbins, Jessica
**Subject:** Re: Attached letter from Daniel M. Petrocelli

I am currently arranging for the payment of my bar dues as I write this. I expect that the bar will change my status back to active within the next hour or so,

-----Original Message-----
From: Stebbins, Jessica <jstebbins@OMM.com>
To: pjmanshardtlaw@aol.com
Cc: Petrocelli, Daniel <DPetrocelli@OMM.com>
Sent: Tue, 29 Jul 2008 10:30 pm
Subject: RE: Attached letter from Daniel M. Petrocelli

Patrick,

Thanks for your email. We hope a stipulation can be reached, but before we can negotiate one we need confirmation of your eligibility. Given the impending August 6 deadline, we believe we need to get a

joint stipulation on file by the end of the day Friday. That means we need confirmation of your status by the end of the day Thursday. If we can't get that confirmation, we may need to involve the Court, so as not to prejudice our clients. In filing any motion, we will have to explain all the circumstances. We appreciate this may be a matter that you don't want to air publicly, but we're in a real bind here.

Thanks,

Jessica
**Jessica Stebbins**
**O'Melveny & Myers LLP**
1999 Avenue of the Stars, Los Angeles, CA 90067
(310) 246-8556
jstebbins@omm.com
*This message and any attached documents contain information from the law firm*
*of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are*
*not the intended recipient, you may not read, copy, distribute, or use this*
*information. If you have received this transmission in error, please notify the*
*sender immediately by reply e-mail and then delete this message.*

---

**From:** pjmanshardtlaw@aol.com [mailto:pjmanshardtlaw@aol.com]
**Sent:** Tuesday, July 29, 2008 9:26 PM
**To:** Stebbins, Jessica
**Subject:** Re: Attached letter from Daniel M. Petrocelli

Dear Mr. Petrocelli:

Thank you for your letter.

Puting aside arguments about the effectiveness of service on you clients, I would in any event be amenable to an extension of time to respond in exchange for a waiver of service.

The State Bar website is apparently correct. I thought that the dues were not due until the end of August. I will call the State Bar tomorrow and arrange for payment of the dues.

Given that you are requesting more time to respond, I suggest that we request a continuance of the status conference currently set for Aug. 22, 2008 at 10:30 a.m. I have litigated in Judge Chesney's court before and have found that she is usually amenable to such requests. The status conference report is due on Aug. 15, 2008.

Patrick J. Manshardt

-----Original Message-----
From: Stebbins, Jessica <jstebbins@OMM.com>
To: PJManshardtlaw@aol.com
Cc: Petrocelli, Daniel <DPetrocelli@OMM.com>
Sent: Tue, 29 Jul 2008 5:03 pm
Subject: Attached letter from Daniel M. Petrocelli


Dear Mr. Manshardt,
Please review the attached letter.

Thank you,
**Jessica Stebbins**
**O'Melveny & Myers LLP**
1999 Avenue of the Stars, Los Angeles, CA 90067
(310) 246-8556
jstebbins@omm.com
*This message and any attached documents contain information from the law firm*
*of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are*
*not the intended recipient, you may not read, copy, distribute, or use this*
*information. If you have received this transmission in error, please notify the*
*sender immediately by reply e-mail and then delete this message.*
<<7-29-08 Letter to Patrick Manshardt.pdf>>

The Famous, the Infamous, the Lame - in your browser. Get the TMZ Toolbar Now!

The Famous, the Infamous, the Lame - in your browser. Get the TMZ Toolbar Now!

## Stebbins, Jessica

**From:** pjmanshardtlaw@aol.com
**Sent:** Friday, August 01, 2008 3:10 PM
**To:** Stebbins, Jessica
**Subject:** Status

The State Bar website has updated my status to active.  Please feel free to e-mail me the stipulations that we corresponded about.

It's time to go back to school! Get the latest trends and gadgets that make the grade on AOL Shopping.

# Exhibit D



PATRICK J. MANSHARDT (S.B. # 178085)
PJManshardtlaw@aol.com
SOUTHWESTERN LEGAL FOUNDATION
One Bunker Hill Building, Eight Floor
601 West Fifth Street
Los Angeles, California, 90071
Telephone: (213) 688-4045
Facsimile: (213) 688-4040

Attorney for Plaintiffs CUNZHU ZHENG, QUAN
GUO, and the CHINA DEMOCRACY PARTY

DANIEL M. PETROCELLI (S.B. #097802)
dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
mkline@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067-6035
Telephone:    (310) 553-6700
Facsimile:    (310) 246-6779

Attorneys for Defendant YAHOO!, INC. and
Specially Appearing Defendant YAHOO!, HONG
KONG, LTD.

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CUNZHU ZHENG; QUAN GUO; the CHINA DEMOCRACY PARTY; and ALL SIMILARLY SITUATED INDIVIDUALS,<br><br>                    Plaintiffs,<br><br>        v.<br><br>YAHOO, INC., a Delaware Corporation, YAHOO! HONG KONG, LTD., a Foreign Subsidiary of YAHOO!, INC Subsidiaries of YAHOO!, INC.; and PEOPLES REPUBLIC OF CHINA,<br><br>                    Defendants. | Case No.  C08-01068 MMC<br><br>**JOINT STIPULATION PURSUANT TO LOCAL RULE 6-1 (a) FOR ADDITIONAL TIME TO ANSWER OR OTHERWISE RESPOND TO FIRST AMENDED COMPLAINT** |

C08-01068 MMC
JOINT STIP. FOR ADDITIONAL TIME TO
RESPOND TO COMPLAINT

**STIPULATION**

This stipulation is entered by and through plaintiffs Cunzhu Zheng, Quan Guo, and the China Democracy Party ("Plaintiffs") and defendant Yahoo!, Inc. and specially appearing defendant Yahoo! Hong Kong, Ltd. ("Defendants"), through their respective undersigned counsel, with reference to the following facts:

1) On February 22, 2008, Plaintiffs filed the original Complaint in this action, naming Defendants. Plaintiffs did not serve the original complaint on either of Defendants.

2) On June 16, 2008, Plaintiffs filed the First Amended Complaint in this action. The First Amended Complaint added the People's Republic of China as a defendant.

3) On July 17, 2008, plaintiffs attempted to serve the First Amended Complaint on Yahoo!, Inc., Yahoo! Hong Kong, Ltd., and the People's Republic of China. With regard to Defendants, Plaintiffs served a branch office of Yahoo!, Inc., and mailed a copy of the complaint to Yahoo! Asia Holdings, Ltd., a different Yahoo! affiliate, located in Hong Kong.

4) Defendants do not believe service was validly effected on either defendant Yahoo!, Inc. or specially appearing defendant Yahoo! Hong Kong, Ltd. However, Defendants are willing to waive, rather than challenge, service. By accepting service, Defendants do not thereby waive any substantive right or defense, including the right of specially appearing defendant Yahoo! Hong Kong, Ltd. to assert lack of personal jurisdiction in the Northern District of California. *See* F.R.C.P. 4 (d)(5).

5) The parties have not agreed to any previous extensions of time for Defendants to answer or otherwise respond to the First Amended Complaint.

NOW, THEREFORE, PURSUANT TO CIVIL LOCAL RULE 6-1 (a), IT IS HEREBY AGREED AND STIPULATED that:

1) The time for Defendants to respond to the First Amended Complaint shall be extended to and including September 17, 2008.

2) In the event Defendants timely file motions challenging the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12, Defendants will not be required to answer the First Amended Complaint at the time such motions are filed, but shall file and serve

C08-01068 MMC
JOINT STIP. FOR ADDITIONAL TIME TO          - 2 -
RESPOND TO COMPLAINT

1  any required answers to the First Amended Complaint within 20 days after notice of the Court's

2  ruling on any such motions.

3

4  Dated: August ___, 2008

5                                                    PATRICK J. MANSHARDT
                                                     SOUTHWESTERN LEGAL FOUNDATION
6

7  By: _____
                                                     Patrick J. Manshardt
8                                                    Attorney for Plaintiffs
                                                     CUNZHU ZHENG, QUAN GUO, and the
9                                                    CHINA DEMOCRACY PARTY

10  Dated: August ___, 2008

11                                                   DANIEL M. PETROCELLI
                                                     MATTHEW T. KLINE·
12                                                   O'MELVENY & MYERS LLP

13

14  By: _____
                                                     Daniel M. Petrocelli
15                                                   Attorneys for Defendants
                                                     YAHOO!, INC. and Specially Appearing
16                                                   Defendant YAHOO!, HONG KONG, LTD.

17

18  CC1:789622

19

20

21

22

23

24

25

26

27

28

Exhibit E

1

2  PATRICK J. MANSHARDT (S.B. # 178085)
   PJManshardtlaw@aol.com
3  SOUTHWESTERN LEGAL FOUNDATION
   One Bunker Hill Building, Eight Floor
4  601 West Fifth Street
   Los Angeles, California, 90071
5  Telephone: (213) 688-4045
   Facsimile: (213) 688-4040
6
   Attorney for Plaintiffs CUNZHU ZHENG, QUAN
7  GUO, and the CHINA DEMOCRACY PARTY

8  DANIEL M. PETROCELLI (S.B. #097802)
   dpetrocelli@omm.com
9  MATTHEW T. KLINE (S.B. #211640)
   mkline@omm.com
10 O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
11 Los Angeles, CA 90067-6035
   Telephone:    (310) 553-6700
12 Facsimile:    (310) 246-6779

13 Attorneys for Defendant YAHOO!, INC. and
   Specially Appearing Defendant YAHOO!, HONG
14 KONG, LTD.

15
                    **UNITED STATES DISTRICT COURT**
16
                  **NORTHERN DISTRICT OF CALIFORNIA**
17
                     **SAN FRANCISCO DIVISION**
18

19 CUNZHU ZHENG; QUAN GUO; the          Case No.  C08-01068 MMC
   CHINA DEMOCRACY PARTY; and ALL
20 SIMILARLY SITUATED                   **JOINT STIPULATED REQUEST,**
   INDIVIDUALS,                         **PURSUANT TO LOCAL RULE 6-2, FOR**
21                                      **ORDER CONTINUING CASE**
                    Plaintiffs,         **MANAGEMENT CONFERENCE**
22
23      v.

24 YAHOO!, INC., a Delaware Corporation,
   YAHOO! HONG KONG, LTD., a Foreign
25 Subsidiary of YAHOO!, INC Subsidiaries
   of YAHOO!, INC.; and PEOPLES
26 REPUBLIC OF CHINA,

27                  Defendants.

28
   C08-01068 MMC
   JOINT STIP. FOR ORDER CONTINUING
   CASE MANAGEMENT CONFERENCE

1

**STIPULATION**

2      This stipulation is entered by and through plaintiffs Cunzhu Zheng, Quan Guo, and the

3   China Democracy Party ("Plaintiffs") and defendant Yahoo!, Inc. and specially appearing

4   defendant Yahoo! Hong Kong, Ltd. ("Defendants"),[1] through their respective undersigned

5   counsel, with reference to the following facts:

6      1)      The initial Case Management Conference is currently scheduled for August 22,

7   2008, with a Joint Case Management Conference Statement due August 15, 2008.

8      2)      The parties have stipulated and agreed, pursuant to Civil Local Rule 6-1 (a) to

9   extend the time for Defendants to answer or otherwise respond to the First Amended Complaint

10   in this action to September 17, 2008.  Attached as Exhibit A is a true and correct copy of that

11   stipulation.

12      3)      In light of the extension of the time to answer or otherwise respond to the

13   complaint, the parties believe that it would be more efficient to continue the Case Management

14   Conference as well, for at least 30 days.  This would have a minimal effect on the overall

15   schedule of the case.

16      4)      The Case Management Conference has been previously continued from June 27,

17   2008 to August 22, 2008, prior to service of Defendants.

18      NOW, THEREFORE, PURSUANT TO CIVIL LOCAL RULE 6-2 IT IS HEREBY

19   AGREED AND STIPULATED that:

20      1)      The Case Management Conference is continued to September 26, 2008 or such

21   date as the Court deems more convenient.  The Joint Case Management Statement shall be filed

22   no later than September 19, 2008.

23

24

25

26

27

---

28   [1] By joining this stipulation, specially appearing defendant Yahoo! Hong Kong, Ltd., does not
   waive its right to assert lack of personal jurisdiction in the Northern District of California.

C08-01068 MMC
JOINT STIP. FOR ORDER CONTINUING          - 2 -
CASE MANAGEMENT CONFERENCE

1   Dated: August 2 , 2008

2                                          PATRICK J. MANSHARDT
                                           SOUTHWESTERN LEGAL FOUNDATION
3

4                                          By:

5                                             Patrick J. Manshardt
                                           Attorney for Plaintiffs
6                                          CUNZHU ZHENG, QUAN GUO, and the
                                           CHINA DEMOCRACY PARTY
7   Dated: August 4 , 2008

8

9                                          DANIEL M. PETROCELLI
                                           MATTHEW T. KLINE
10                                         O'MELVENY & MYERS LLP

11

12                                         By:
                                              Daniel M. Petrocelli
13                                         Attorneys for Defendants
                                           YAHOO!, INC. and Specially Appearing
14                                         Defendant YAHOO!, HONG KONG, LTD.

15

16                         **ORDER [Proposed]**

17   Pursuant to stipulation, IT IS SO ORDERED.

18   SIGNED on the _____ day of _____, 2008.

19

20                                         _____
                                           The Honorable Maxine M. Chesney
21                                         Judge, United States District Court
                                           for the Northern District
22

23

24

25

26

27

28
     C08-01068 MMC
     JOINT STIP. FOR ORDER CONTINUING         - 3 -
     CASE MANAGEMENT CONFERENCE

# EXHIBIT A

1

2   PATRICK J. MANSHARDT (S.B. # 178085)
    PJManshardtlaw@aol.com
3   SOUTHWESTERN LEGAL FOUNDATION
    One Bunker Hill Building, Eight Floor
4   601 West Fifth Street
    Los Angeles, California, 90071
5   Telephone: (213) 688-4045
    Facsimile: (213) 688-4040
6
    Attorney for Plaintiffs CUNZHU ZHENG, QUAN
7   GUO, and the CHINA DEMOCRACY PARTY

8   DANIEL M. PETROCELLI (S.B. #097802)
    dpetrocelli@omm.com
9   MATTHEW T. KLINE (S.B. #211640)
    mkline@omm.com
10  O'MELVENY & MYERS LLP
    1999 Avenue of the Stars, 7th Floor
11  Los Angeles, CA 90067-6035
    Telephone:    (310) 553-6700
12  Facsimile:    (310) 246-6779

13  Attorneys for Defendant YAHOO!, INC. and
    Specially Appearing Defendant YAHOO!, HONG
14  KONG, LTD.

15

16                UNITED STATES DISTRICT COURT

17                NORTHERN DISTRICT OF CALIFORNIA

18                   SAN FRANCISCO DIVISION

19  CUNZHU ZHENG; QUAN GUO; the            Case No.  C08-01068 MMC
    CHINA DEMOCRACY PARTY; and ALL
20  SIMILARLY SITUATED                     **JOINT STIPULATION PURSUANT TO**
    INDIVIDUALS,                           **LOCAL RULE 6-1 (a) FOR ADDITIONAL**
21                                         **TIME TO ANSWER OR OTHERWISE**
                                           **RESPOND TO FIRST AMENDED**
22                Plaintiffs,              **COMPLAINT**

23          v.

24  YAHOO, INC., a Delaware Corporation,
    YAHOO! HONG KONG, LTD., a Foreign
25  Subsidiary of YAHOO!, INC Subsidiaries
    of YAHOO!, INC.; and PEOPLES
26  REPUBLIC OF CHINA,

27                Defendants.

28
    C08-01068 MMC
    JOINT STIP. FOR ADDITIONAL TIME TO
    RESPOND TO COMPLAINT

1

**STIPULATION**

2      This stipulation is entered by and through plaintiffs Cunzhu Zheng, Quan Guo, and the

3   China Democracy Party ("Plaintiffs") and defendant Yahoo!, Inc. and specially appearing

4   defendant Yahoo! Hong Kong, Ltd. ("Defendants"), through their respective undersigned

5   counsel, with reference to the following facts:

6      1)      On February 22, 2008, Plaintiffs filed the original Complaint in this action,

7   naming Defendants. Plaintiffs did not serve the original complaint on either of Defendants.

8      2)      On June 16, 2008, Plaintiffs filed the First Amended Complaint in this action. The

9   First Amended Complaint added the People's Republic of China as a defendant.

10     3)      On July 17, 2008, plaintiffs attempted to serve the First Amended Complaint on

11   Yahoo!, Inc., Yahoo! Hong Kong, Ltd., and the People's Republic of China. With regard to

12   Defendants, Plaintiffs served a branch office of Yahoo!, Inc., and mailed a copy of the complaint

13   to Yahoo! Asia Holdings, Ltd., a different Yahoo! affiliate, located in Hong Kong.

14     4)      Defendants do not believe service was validly effected on either defendant

15   Yahoo!, Inc. or specially appearing defendant Yahoo! Hong Kong, Ltd. However, Defendants

16   are willing to waive, rather than challenge, service. By accepting service, Defendants do not

17   thereby waive any substantive right or defense, including the right of specially appearing

18   defendant Yahoo! Hong Kong, Ltd. to assert lack of personal jurisdiction in the Northern District

19   of California. *See* F.R.C.P. 4 (d)(5).

20     5)      The parties have not agreed to any previous extensions of time for Defendants to

21   answer or otherwise respond to the First Amended Complaint.

22        NOW, THEREFORE, PURSUANT TO CIVIL LOCAL RULE 6-1 (a), IT IS HEREBY

23   AGREED AND STIPULATED that:

24     1)      The time for Defendants to respond to the First Amended Complaint shall be

25   extended to and including September 17, 2008.

26     2)      In the event Defendants timely file motions challenging the First Amended

27   Complaint pursuant to Federal Rule of Civil Procedure 12, Defendants will not be required to

28   answer the First Amended Complaint at the time such motions are filed, but shall file and serve

C08-01068 MMC
JOINT STIP. FOR ADDITIONAL TIME TO        - 2 -
RESPOND TO COMPLAINT

1  any required answers to the First Amended Complaint within 20 days after notice of the Court's

2  ruling on any such motions.

3

4  Dated: August ____, 2008

5                                        PATRICK J. MANSHARDT
                                         SOUTHWESTERN LEGAL FOUNDATION
6

7                                        By: _____
                                              Patrick J. Manshardt
8                                        Attorney for Plaintiffs
                                         CUNZHU ZHENG, QUAN GUO, and the
9                                        CHINA DEMOCRACY PARTY

10  Dated: August ____, 2008

11                                       DANIEL M. PETROCELLI
                                         MATTHEW T. KLINE
12                                       O'MELVENY & MYERS LLP

13

14                                       By: _____
                                              Daniel M. Petrocelli
15                                       Attorneys for Defendants
                                         YAHOO!, INC. and Specially Appearing
16                                       Defendant YAHOO! HONG KONG, LTD.

17

18  CC1:789622

19

20

21

22

23

24

25

26

27

28

C08-01068 MMC
JOINT STIP. FOR ADDITIONAL TIME TO          - 3 -
RESPOND TO COMPLAINT

Exhibit F

1

2   PATRICK J. MANSHARDT (S.B. # 178085)
    PJManshardtlaw@aol.com
3   SOUTHWESTERN LEGAL FOUNDATION
    One Bunker Hill Building, Eight Floor
4   601 West Fifth Street
    Los Angeles, California, 90071
5   Telephone: (213) 688-4045
    Facsimile: (213) 688-4040
6
    Attorney for Plaintiffs CUNZHU ZHENG, QUAN
7   GUO, and the CHINA DEMOCRACY PARTY

8   DANIEL M. PETROCELLI (S.B. #097802)
    dpetrocelli@omm.com
9   MATTHEW T. KLINE (S.B. #211640)
    mkline@omm.com
10  O'MELVENY & MYERS LLP
    1999 Avenue of the Stars, 7th Floor
11  Los Angeles, CA  90067-6035
    Telephone:    (310) 553-6700
12  Facsimile:    (310) 246-6779

13  Attorneys for Defendant YAHOO!, INC. and
    Specially Appearing Defendant YAHOO!, HONG
14  KONG, LTD.

15

16                  **UNITED STATES DISTRICT COURT**

17             **NORTHERN DISTRICT OF CALIFORNIA**

18                  **SAN FRANCISCO DIVISION**

19
    CUNZHU ZHENG; QUAN GUO; the          Case No.  C08-01068 MMC
20  CHINA DEMOCRACY PARTY; and ALL
    SIMILARLY SITUATED                   **JOINT CASE MANAGEMENT
21  INDIVIDUALS,                         STATEMENT**

22                  Plaintiffs,          **Conference Date: August 22, 2008**
                                         [Stipulation and proposed order requesting
23          v.                           continuance to **September 27, 2008** have been
                                         filed and are pending before the Court].
24  YAHOO, INC., a Delaware Corporation,
    YAHOO! HONG KONG, LTD., a Foreign    **Time: 10:30 a.m.**
25  Subsidiary of YAHOO!, INC Subsidiaries
    of YAHOO!, INC.; and PEOPLES         **Judge:  Hon. Maxine M. Chesney**
26  REPUBLIC OF CHINA,

27                  Defendants.

28

    C08-01068 MMC
    JOINT CASE MANAGEMENT STATEMENT

1  Plaintiffs Cunzhu Zheng, Quan Guo, and the China Democracy Party ("plaintiffs"),

2  Defendant Yahoo!, Inc. ("Yahoo!"), and specially appearing Defendant Yahoo! Hong Kong, Ltd.

3  ("YHKL," collectively "Yahoo! defendants")[1] respectfully submit this Joint Case Management

4  Statement pursuant to Northern District Local Rule 16-9(a).  Defendant the People's Republic of

5  China ("PRC") has not communicated with counsel for either plaintiffs or the Yahoo! defendants

6  and thus does not join this Joint Statement.

7  Because this case is in its very early stages (the Yahoo! defendants waived and accepted

8  service, pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, on August 4, 2008), the

9  Yahoo! defendants and the plaintiffs submitted a stipulated request to the Court on August 4,

10  2008, for an order continuing the Case Management Conference in this matter to September 27,

11  2008.  The Yahoo! defendants and the plaintiffs also asked that this initial case management

12  statement be due on September 19, 2008.  The Yahoo! defendants and the plaintiffs further

13  stipulated to extend the time for defendants to answer or otherwise respond to plaintiffs'

14  complaint until and including September 17, 2008.  The Court has not yet ruled on the parties'

15  stipulated request to continue the Case Management Conference.

16  Given the Court has yet to rule on these requests, and out of an abundance of caution, the

17  Yahoo! defendants and plaintiffs hereby submit this joint case management statement today to

18  comply with the Court's existing scheduling order requiring it.  However, because this case has

19  just gotten underway, the parties have not yet had the opportunity to discuss each matter

20  addressed herein in full.  The parties anticipate completing their preliminary discussions in the

21  coming weeks, and therefore request the right to file a supplemental case management statement

22  on September 19, 2008, or an earlier date, should the Court prefer it.[2]

23  **I.   JURISDICTION AND SERVICE**

24  A.   <u>Service.</u>  Yahoo! and YHKL have waived and accepted service, *see* Joint Stip. for

25  Add. Time to Answer or Otherwise Respond to First Amended Compl., filed August 4, 2008, ¶ 4,

26  

27  [1] By joining this statement, specially appearing defendant Yahoo! Hong Kong, Ltd., does not waive its right to assert lack of personal jurisdiction. *See infra.*

28  [2] By submitting this joint statement, neither party concedes that the other party's factual and legally assertions are correct, nor waives any claim or defense.

1    but have not waived any substantive defense, including the right of YHKL to contest personal

2    jurisdiction. Service has been attempted on the PRC through the Geneva Convention, but the

3    PRC has not yet responded.

4          B.   Venue. The parties agree that this case is located in the proper venue.

5          C.   Personal Jurisdiction. YHKL presently disputes that it is subject to personal

6    jurisdiction in California.

7          D.   Subject Matter Jurisdiction.

8              1.   Plaintiffs seek relief under both federal and California law. Plaintiffs

9    contend that the Court has federal question jurisdiction under the Alien Tort Statute and the

10   Torture Victim Protection Act, 28 U.S.C. § 1350 and note, with regard to its claims against the

11   PRC, and the Electronic Communications Privacy Act, 18 U.S.C. § 2701 *et seq.*, with regard to

12   its claims against the Yahoo! defendants and the PRC.

13             2.   The Yahoo! defendants believe the Court lacks subject matter jurisdiction

14   over each of plaintiffs' claims, because, *inter alia*, plaintiffs' complaint asks this Court to

15   adjudicate non-justiciable political questions. *See, e.g., Corrie v. Caterpillar, Inc.*, 503 F.3d 974

16   (9th Cir. 2007). Moreover, the Yahoo! defendants submit that this Court lacks subject matter

17   jurisdiction over plaintiffs' claims under 18 U.S.C. § 2701 *et seq.* because plaintiffs do not have

18   standing and have failed to state a claim under that Act.

19   **II.   FACTS**

20      Plaintiffs' Statement

21      The facts are as alleged in the First Amended Complaint, filed June 16, 2008.

22      Defendants' Statement

23      The Yahoo! defendants take the allegations in plaintiffs' complaint seriously. Yahoo!

24   prides itself on helping people around the world communicate and strongly believes that free

25   speech and open expression are engines of intellectual advancement and democratic reform.

26   Toward that end, Yahoo! works actively with governments and private organizations to combat

27   censorship and political persecution wherever it may occur.

28      The Yahoo! defendants have just received plaintiffs' complaint, and are beginning the

1    meet-and-confer process with their counsel. The Yahoo! defendants hope, if possible, to resolve

2    this litigation at an early stage.

3          The Yahoo! defendants dispute many of plaintiffs' assertions of fact. As a threshold

4    matter, plaintiffs' complaint frequently fails to state *which* defendant (Yahoo!, YHKL, or the

5    PRC) and *which* plaintiff (Zheng, Guo, the China Democracy Party, or unknown class members)

6    it is discussing. As a result, it is often impossible to determine the facts alleged. The Yahoo!

7    defendants do dispute, however, most of plaintiffs' contentions, including their allegations that:

8        • Any Yahoo! entity voluntarily agreed to aid the PRC in prosecuting dissidents;

9        • Any Yahoo! entity voluntarily cooperated in the persecution of Chinese individuals;

10       • Any Yahoo! entity supports or benefits from the practices of the PRC regarding online

11         expression;

12       • Yahoo!, YHKL, and "Yahoo! China" are alter egos, control one another, or have a

13         "unity of interest";

14       • Yahoo! or YHKL currently controls the Yahoo! China site;

15       • Any Yahoo! entity is responsible for Cunzhu Zheng's lost business opportunities or

16         other alleged harms;

17       • Yahoo! or YHKL was involved in the alleged decision in January 2008 to block Quan

18         Guo's name from Yahoo! China search results; or that

19       • Any action by a Yahoo! entity violates the Electronic Communications Privacy Act or

20         Cal. Bus. & Prof. Code §§ 17200 *et seq.*

21   **III.   LEGAL ISSUES**

22   Plaintiffs' Statement

23   The legal issues are those presented in the First Amended Complaint, filed June 16, 2008.

24   Defendants' Statement

25   Defendants respectfully suggest that the legal issues include, but are not limited to:

26         *Threshold Justiciability Questions*

27       • Whether plaintiffs' claims are justiciable under *Sosa v. Alvarez-Machain*, 542 U.S.

28         692 (2004), the act of state doctrine, principles of international comity, and the

1    political question doctrine; and

2    • Whether the PRC is subject to sovereign immunity, and whether it is a necessary and

3    indispensable party to this action.

4    *Jurisdictional and Standing Issues*

5    • Whether plaintiffs have standing to bring a claim under Cal. Bus. & Prof. Code

6    § 17200, the ATS, or the TVPA;

7    • Whether any plaintiff has authority or standing to represent Zhi Li, who, according to

8    the complaint, cannot communicate with counsel;

9    • Whether the China Democracy Party Zheng founded in California in 2006 has

10    standing to represent members of a different organization with the same name in

11    China; and

12    • Whether YHKL is subject to personal jurisdiction in California.

13    *Claims Issues*

14    • Whether plaintiffs have sued the proper defendants; in particular, whether plaintiffs

15    Guo and Zheng's claims should be dismissed as against Yahoo! and YHKL rather than

16    Alibaba.com Corporation, the Chinese company that has owned the Yahoo! China

17    website since October 2005;

18    • Whether plaintiffs have stated a cognizable claim under ECPA against any party;

19    • Whether plaintiffs have stated a cognizable claim under the ATS or TVPA against the

20    PRC; and

21    • Whether defendants' communications with Chinese law enforcement officials are

22    privileged under federal, state, and international law.

23    **IV.    MOTIONS**

24    On June 23, 2008, prior to service on defendants, plaintiffs filed a motion to continue the

25    Case Management Conference. The Court granted this motion and continued the Case

26    Management Conference to August 22, 2008.

27    On August 4, 2008, the parties filed a stipulation extending the time for defendants to

28    answer or otherwise respond to the First Amended Complaint to September 17, 2008, and a

1  stipulated request for an order continuing the Case Management Conference in this case to

2  September 27, 2008.

3       On or before September 17, 2008, Yahoo! anticipates it will file a Motion to Dismiss

4  under Federal Rules of Civil Procedure 12(b)(1), (6) and (7), and an Alternative Motion for a

5  More Definite Statement under Rule 12(e).  Yahoo! might also file a special motion to strike

6  pursuant to California law.

7       YHKL may file a Motion to Dismiss for Lack of Personal Jurisdiction under Rule

8  12(b)(2).

9  **V.**    **AMENDMENT OF PLEADINGS**

10       Plaintiffs filed a First Amended Complaint on June 16, 2008, prior to serving the Yahoo!

11  defendants.

12       Plaintiffs' Statement

13       Plaintiffs intend to move to amend the First Amended Complaint as they have been

14  contacted by persons currently in Chinese prisons who have contacted plaintiffs and have asked

15  to be included in this action.

16       Plaintiffs also intend to seek leave to amend the First Amended Complaint if any of

17  Defendants' Rule 12 motions are granted.

18       Defendants' Statement

19       Because the Yahoo! defendants plan to file motions to dismiss on or before September 17,

20  2008, they have yet to file an answer to the complaint.  If defendants' motions to dismiss are

21  denied, they will file a timely answer.

22  **VI.**    **EVIDENCE PRESERVATION**

23       Plaintiffs' Statement

24       Plaintiffs will preserve all evidence consistent with the FRCP.

25       Defendants' Statement

26       Consistent with the Federal Rules, the Yahoo! defendants have issued a litigation hold

27  notice regarding this case.

28

**VII.    DISCLOSURES (Fed. R. Civ. Pro. 26(f))**

The parties are currently discussing the timing of initial disclosures under Federal Rule of Civil Procedure 26(f) and will make such disclosures as soon as reasonably practicable.

**VIII.    DISCOVERY PLAN**

The parties are currently discussing and attempting to agree on a discovery plan for this case. Because this case is in its very early stages (the Yahoo! defendants waived and accepted service on August 4, 2008), the parties have not yet finalized a discovery plan. The parties anticipate finalizing such a plan, and filing a report regarding the plan, prior to September 27, 2008, the date to which the parties have requested the Court continue the initial Case Management Conference.

**A.    Discovery Taken to Date**

No discovery has been taken to date.

**B.    Scope of Discovery/Discovery Subjects (Fed. R. Civ. Pro. 26(f)(3)(B))**

The parties are currently discussing the scope of discovery and will submit a more detailed statement on or before September 19, 2008, or an earlier date if the Court prefers.

**C.    Discovery Schedule (Fed. R. Civ. Pro. 26(f)(3)(A-B)**

The parties are currently discussing a discovery schedule and will submit a more detailed statement on or before September 19, 2008, or an earlier date if the Court prefers.

**D.    Electronic Discovery (Fed. R. Civ. Pro. 26(f)(3)(C))**

The parties are currently discussing electronic discovery procedures and will submit a more detailed statement on or before September 19, 2008, or an earlier date if the Court prefers.

**E.    Claims of Privilege or Protection as Trial Preparation Material (Fed. R. Civ. Pro. 26(f)(3)(D))**

The parties are currently discussing procedures for dealing with privileged documents and will submit a more detailed statement on or before September 19, 2008, or an earlier date if the Court prefers.

**F.**   **Limitations on Discovery or Other Modifications to the Discovery Rules (Fed. R. Civ. Pro. 26(f)(3)(E))**

The parties are currently discussing whether there will be a need for limitation or modification of the discovery rules, and will submit a more detailed statement on or before September 19, 2008, or an earlier date if the Court prefers.

**G.**   **Other Orders (Fed. R. Civ. Pro. 26(f)(3)(F))**

The parties are currently discussing whether there will be a need for protective or other discovery orders, and will submit a more detailed statement on or before September 19, 2008, or an earlier date if the Court prefers.

**IX.**   **RELATED CASES**

The parties are aware of no cases related to this action.

**X.**   **RELIEF**

Plaintiffs seek compensatory and punitive damages, and restitution, as well as declaratory relief determining defendants violated international law, injunctive relief to prevent defendants from complying with future demands for information by Chinese officials, and attorneys' fees.

**XI.**   **SETTLEMENT AND ADR**

The parties have discussed ADR and have filed a stipulation and request for non-binding mediation pursuant to ADR L.R. 3-5.

Plaintiffs' Statement

Plaintiffs have agreed to non-binding mediation and are amenable to early discussions either with counsel directly or with the assistance with a magistrate judge.

Defendants' Statement

Plaintiffs' proposals are acceptable; however, if a settlement cannot be reached, the Yahoo! defendants believe that early motion practice will help frame the issues for settlement.

**XII.**   **MAGISTRATE JUDGE**

The parties are not willing to submit this matter to a magistrate judge for all purposes.

**XIII.**   **OTHER REFERENCES**

The parties do not believe this case is suitable for reference to binding arbitration, a

1   special master, or the Judicial Panel on Multidistrict Litigation.

2   **XIV.   NARROWING OF ISSUES**

3       The parties are not presently in a position to address whether it is feasible or desirable to:

4   (a) narrow the issues in the case by agreement or motion, though the Yahoo! defendants believe

5   the issues will be narrowed through their motion to dismiss; (b) bifurcate the issues, claims or

6   defenses at trial; or (c) reduce the length of trial by stipulation, use of summaries, or other

7   expedited means of presenting issues.

8       The parties will seek permission to update the Court regarding these matters at a later

9   date.

10  **XV.   EXPEDITED SCHEDULE**

11      The parties do not believe this is the type of case that can be handled on an expedited

12  basis with streamlined procedures.

13  **XVI.   SCHEDULING**

14      Because this case is in its very early stages (the Yahoo! defendants waived and accepted

15  service on August 4, 2008), the parties have not yet had the opportunity to discuss or propose a

16  schedule for this case.

17  **XVII.   TRIAL**

18      Plaintiffs have requested a jury trial of this action.  Because the complaint is pled as a

19  class action, with a currently unknown number of plaintiffs, the parties are unable to estimate trial

20  length at this time.  The Yahoo! defendants believe their planned motions to dismiss will narrow

21  the issues substantially, if they do not dispose of the case altogether.

22  **XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

23      The Yahoo! defendants filed a Certification of Interested Entities or Persons on August 4,

24  2008, stating that the following entities have either: (i) a financial interest in the subject matter in

25  controversy or in a party to the proceeding; or (ii) any other kind of interest that could be

26  substantially affected by the outcome of the proceeding: (1) Overture Services, Inc. (parent of

27  Yahoo! Hong Kong, Ltd.) and (2) Yahoo! Asia Holdings, Ltd. (no known interest, but plaintiffs

28  have attempted service on this entity).

1    Dated: August **14**, 2008

2                                     PATRICK J. MANSHARDT
                                      SOUTHWESTERN LEGAL FOUNDATION
3

4

5                                     By: _____
                                          Patrick J. Manshardt
6                                     Attorney for Plaintiffs
                                      CUNZHU ZHENG, QUAN GUO, and the
7                                     CHINA DEMOCRACY PARTY

8    Dated: August **15**, 2008

9                                     DANIEL M. PETROCELLI
                                      MATTHEW T. KLINE
10                                    O'MELVENY & MYERS LLP

11

12                                    By: _____
                                           Daniel M. Petrocelli
13                                    Attorneys for Defendants
                                      YAHOO!, INC. and Specially Appearing
14                                    Defendant YAHOO!, HONG KONG, LTD.

15   CC1:796538

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit G



# O'MELVENY & MYERS LLP

BEIJING
BRUSSELS
HONG KONG
LONDON
LOS ANGELES
NEWPORT BEACH

1999 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-6035

TELEPHONE (310) 553-6700
FACSIMILE (310) 246-6779
www.omm.com

NEW YORK
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TOKYO
WASHINGTON, D.C.

August 15, 2008

OUR FILE NUMBER
0954120-0059

**VIA EMAIL AND CERTIFIED U.S. MAIL**

WRITER'S DIRECT DIAL
(310) 246-6850

Patrick J. Manshardt
Southwestern Legal Foundation
One Bunker Hill Building, Eight Floor
601 West Fifth Street
Los Angeles, California 90071

WRITER'S E-MAIL ADDRESS
dpetrocelli@omm.com

Re:    *Cunzhu et al. v. Yahoo!, Inc., et al. (Case No. 3:08-cv-01068 MMC)*

Dear Mr. Manshardt:

As you know, we serve as litigation counsel for Yahoo!, Inc. and Yahoo! Hong Kong Ltd. ("YHKL") in the lawsuit you recently filed against the companies on behalf of Cunzhu Zheng, Quan Guo, and the China Democracy Party. We write to encourage a discussion regarding the merits of your case—and alternative resolutions to it—before the parties incur the cost of briefing motions to dismiss.

At the outset, let me make clear that Yahoo! takes the matters your clients have raised seriously. Yahoo! prides itself on helping people around the world communicate and strongly believes that free speech and open expression are engines of intellectual advancement and democratic reform. Toward that end, Yahoo! works actively with governments and private organizations to combat censorship and political persecution wherever it may occur. Indeed, Yahoo! recently partnered with the Laogai Research Foundation, administered by noted dissident and human-rights activist Harry Wu, to create the Yahoo! Human Rights Fund to assist victims of online censorship.

In Yahoo!'s view, such constructive, collaborative action is a far more productive approach than litigation. We believe that litigation is costly and divisive and often does not address the most significant issues that underlie plaintiffs' complaint.

Yahoo! is always willing to engage in discussions to help eliminate the need for litigation. If your clients would like to engage in such a discussion, we are happy to facilitate it. If instead, your clients wish to press their legal case, our obligation will be to respond. To be clear at the outset, we believe that your clients' claims lack legal and factual merit. I have set

forth below some of the more obvious problems we see with complaint—which cut across every cause of action and each party.

## I.    Post-October 2005 Claims

In every instance where the complaint targets alleged conduct that post-dates October 2005—and this would include all of Quan Guo's allegations and all claims for injunctive relief—your clients have brought suit against the wrong party. Since October 2005, Yahoo! China has been owned and operated by entities affiliated with Alibaba. Alibaba is a Chinese company in which Yahoo! holds a minority shareholder interest, but Yahoo! does not control Alibaba (or Yahoo! China), manage its daily affairs, or control the Yahoo! China website.

In the complaint, your clients assert that Yahoo! China is currently controlled by Yahoo!, Inc. rather than Alibaba. In support of this claim, the complaint quotes language from the stock purchase agreement in which Alibaba purchased the Yahoo! China business. *See* First Amended Complaint for Damages, Injunctive Relief, and Attorney's Fees ("Compl.") ¶ 10. However, the language quoted from the stock purchase agreement relates to Yahoo!'s *pre-closing* obligations—and not to any post-closing obligations. *See* Stock Purchase and Contribution Agreement ¶ 4 ("On and after the date hereof *to the Closing Date*. . . . Yahoo! will . . . and will cause each member of the China Group to . . . carry on the China Business . . . .") (emphasis added). Those limited obligations, on which plaintiffs wrongly rely to assert that Yahoo!, Inc. currently controls Yahoo! China, do not amount to sufficient control to state a claim against Yahoo!, Inc. or YHKL in this case, and, in any event, *ceased in October 2005* when the Alibaba deal closed.

This fact disposes of Mr. Guo's claims against Yahoo!, Inc. and YHKL and all the plaintiffs' claims for injunctive relief. We request that, given this information, these claims be dismissed so that neither of us have to spend the cost litigating these issues, which are plainly set forth in the agreement.

In a previous lawsuit against Yahoo!, Inc. and YHKL—brought on behalf of Wang Xiaoning and Shi Tao (the case on which many of the allegations in your clients' complaint appear to be modeled)—plaintiffs originally named Alibaba.com, Inc., as a defendant. When Alibaba explained to counsel for Wang and Shi that their claims pre-dated Alibaba's purchase of Yahoo! China, plaintiffs rightly abandoned their claims against Alibaba.

In short, there is no basis for Mr. Guo's claim that Yahoo!, Inc. or YHKL currently controls Yahoo! China or for the inclusion of any post-October 2005 claims in this suit. If you or Mr. Guo have a factual or legal basis to assert such claims, please identify them so that we may discuss these matters further.

## II.    Li Zhi

The complaint appears to be drafted to include claims on behalf of Li Zhi—but Mr. Li has not been named as a party, and we can find no evidence that you represent him. While

O'MELVENY & MYERS LLP
Patrick Manshardt, August 15, 2008 - Page 3

Mr. Li's situation is both unfortunate and distressing, the complaint admits that you cannot have contact with him. *See* Compl. ¶ 5 ("Li cannot communicate with . . . counsel"). Given this, we do not believe that any claims, on behalf of Mr. Li's interests, can validly be included in the complaint.

Nor may the three named plaintiffs represent Mr. Li's interests. The law requires every complaint to be "prosecuted by the real party in interest"—thus, only Mr. Li or his authorized legal representative can sue on his behalf. *See* FED. R. CIV. P. 17; CAL. CODE CIV. PROC. § 367; *Xuncax v. Gramajo*, 886 F. Supp. 162, 192 (D. Mass. 1995) (wife cannot bring TVPA claim on behalf of husband).

Nor can the China Democracy Party adequately represent Mr. Li. While the complaint is vague about which China Democracy Party entity brings suit, we assume it is the California branch that plaintiff Cunzhu Zheng alleges he founded in May 2006. *See* Compl. ¶ 34. The complaint does not allege that Mr. Li is or ever was a member of this California organization. Nor is it likely he could have joined it, as it was founded more than two years after Mr. Li was imprisoned, and, according to the complaint, Mr. Li is unable to communicate with outsiders. *See id.* ¶ 5.

In short, we urge you to dismiss any and all claims asserted on behalf of Mr. Li and the China Democracy Party. If you have a good-faith basis for asserting these claims or for representing Mr. Li in this matter, please identify it.

## III.    Electronic Communications Privacy Act ("ECPA") Claims

Paragraph 43 of the complaint asserts that "by doing the thing alleged in this Complaint," Yahoo!, Inc. and YHKL "intentionally disclosed Plaintiffs' private communications to Defendant PRC in violation of the Electronic Communications Privacy Act." But none of the three plaintiffs allege that Yahoo!, Inc. (or even one of its subsidiaries) disclosed their private communications.

Plaintiff <u>Cunzhu Zheng</u> does not claim that Yahoo! disclosed any of his private communications to the Chinese authorities. Instead, he claims that press reports that YHKL (a company with whom Mr. Zheng does not claim to have ever held an account) allegedly supplied information regarding one its users to Chinese authorities were a factor in Mr. Zheng's decision not to return to China. We are aware of no authority that allows an internet user to bring an ECPA claim against a company based on the unproven disclosure by one of its affiliates of another internet user's information. (If you aware of any portion of ECPA, its legislative history, or cases interpreting it that support such a claim under the statute, please alert us to it.) Moreover, even if such a claim would be cognizable for acts on U.S. soil, the relevant precedent demonstrates that ECPA does not apply extraterritorially to alleged acts in China. *See U.S. v. Peterson*, 812 F.2d 486, 492 (9th Cir. 1987) (holding that "Title III has no extraterritorial force"); *U.S. v. Toscanino*, 500 F.2d 267, 279 (2d Cir. 1974).

O'MELVENY & MYERS LLP
Patrick Manshardt, August 15, 2008 - Page 4

Similarly, plaintiff Quan Guo also does not claim that Yahoo!, Inc. or YHKL disclosed any of his private communications. His entire claim is that the Yahoo! China website—an entity that, as explained above, is neither owned by or controlled by Yahoo!, Inc. or YHKL—blocked his name from search results. As a threshold matter, this claim is likely moot as Mr. Guo has stated publicly that Yahoo! China is no longer blocking his name and that he is not seeking damages. Moreover, even if Yahoo!, Inc. or YHKL controlled the Yahoo! China website—which they do not—and even if ECPA applied extraterritorially—which it does not—we are aware of no authority that suggests a private party's blocking of search results violates ECPA or any other statute. If you are aware of any such authority, please provide it.

Finally, plaintiff China Democracy Party has failed to allege that Yahoo!, Inc. or YHKL disclosed any of its private communications. In fact, it alleges no injury on its own behalf, and, as discussed above, does not have standing to allege injury on behalf of Li Zhi.

Again, if you have a good-faith basis to dispute this analysis or to support your ECPA claims, please provide it.

## IV.    Unfair Competition

Paragraphs 59 through 68 of the complaint allege that Yahoo! violated California Business & Professional Code section 17200 *et. seq.* There are numerous problems with this claim, but to state the first and most obvious, none of the three plaintiffs has alleged or could allege that YHKL or Yahoo!, Inc. took money or property from them. Though damages are prayed for in the complaint, damages are not allowed under the statute—only restitution of property wrongfully taken. And restitution claims under section 17204 are limited to the recovery of money or property "that defendants took directly from plaintiff" or that can "be traced" to "particular funds" in a defendant's possession. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149-50 (Cal. 2003); *see also Colgan v. Leatherman Tool Group, Inc.*, 135 Cal. App. 4th 663, 699 (Cal. Ct. App. 2006) (restitution limited to "money or property identified as belonging in good conscience to the plaintiff [that] could clearly be traced to particular funds or property in the defendant's possession"). Plaintiffs do not allege defendants took or have their property. Accordingly, they cannot state a claim under the statute.

Moreover, to the extent plaintiffs attempt to bring claims under the statute pursuant to the Alien Tort Statute or the Torture Victim's Protection Act, such claims are untenable. Those statutes provide a limited avenue for victims of serious, internationally condemned misconduct, such as genocide, slavery, and torture. Mr. Zheng's and Mr. Guo's claims of attenuated financial loss do not appear to fall within that category.[1]

Again, if you disagree with this analysis, please explain why, as we are willing to discuss these matters with you further.

---

[1] For your reference, I have also enclosed with this letter copies of motions that Yahoo!, Inc. and YHKL filed in Mr. Wang and Mr. Shi's case. These motions elaborate on these and other legal problems with the claims your clients have asserted.

O'MELVENY & MYERS LLP
Patrick Manshardt, August 15, 2008 - Page 5

### V.    The People's Republic of China

We are concerned about your joinder of the People's Republic of China ("PRC") as a defendant in this case. As you are no doubt aware, the joinder of a sovereign nation (and/or challenging the legality of its conduct) implicates numerous political and legal issues—for example, principles of sovereign immunity, justiciability, and comity. These are issues we intend to raise in our motion to dismiss: in particular, we intend to argue that the PRC is a necessary party—given the centrality of its conduct in this case—and also the case must be dismissed because the PRC is subject to sovereign immunity and cannot be joined. *See, e.g.,* *Republic of Philippines v. Pimentel*, 128 S. Ct. 2180 (2008) (error to allow case against private party to proceed when it required adjudication of immune foreign sovereign's conduct).

In cases where sovereign immunity and justiciability are challenged, courts often desire input from the U.S. government as well as the affected foreign government in evaluating such defenses. To that end, we would like to work with you and the Court in securing the views of the U.S. and Chinese governments, should they choose to weigh in. Please let us know if the PRC has contacted you about this matter, and if so, what position it has taken.

### VI.    Amendment of Complaint

Finally, you have indicated that you may wish to amend your complaint to add new plaintiffs to the case. Obviously, it would be best if the amendment takes place prior to our planned motions to dismiss, so that all claims and parties can be addressed at once. To that end, we ask that you contact us before filing any motion to amend, so that we can consider whether to stipulate to it, assuming the amendment is timely and definite.

*        *        *

In conclusion, we hope that the foregoing convinces you that the lawsuit your clients have filed against Yahoo! is neither the best nor a tenable means of advancing your clients' interests. If you wish to discuss policy steps that can be taken to improve the human-rights situation in China, our client continues to advance its own efforts on these broader issues and is always open to ideas, and we would be happy to facilitate a meeting. Indeed, we would welcome the opportunity to meet with you prior to your amending the complaint or to our moving to dismiss.

All of Yahoo!, Inc and YHKL's rights and remedies are hereby reserved, and in no way have we set forth all of the objections we have to your complaint. Again, we thank you for your time and we look forward to your response.

Very truly yours,

Daniel M. Petrocelli
of O'Melveny & Myers LLP

CCl:788944

# Exhibit H

## Stebbins, Jessica

**From:**  pjmanshardtlaw@aol.com
**Sent:**  Monday, August 18, 2008 2:35 PM
**To:**  Stebbins, Jessica
**Subject:** Re: Attached letter from Dan Petrocelli

Thanks for the letter.  I agree it's better to try to resolve our issues before going to court.  I wil need a couple of days to do the necessary research to respond.  But as to a couple of issues your letter raised, we were able to contact Li Zhi , in prison, who gave us a letter asking that I represent him.  We also got two other letters, one from a person still in prison and another who was formerly in prison, but is now in the U.S.  I wil get these to you, once I get them from Mr. Zheng.


-----Original Message-----
From: Stebbins, Jessica <jstebbins@OMM.com>
To: pjmanshardtlaw@aol.com
Cc: Petrocelli, Daniel <DPetrocelli@OMM.com>
Sent: Fri, 15 Aug 2008 1:03 pm
Subject: Attached letter from Dan Petrocelli


Patrick,
Please review the attached letter from Dan Petrocelli.  Also attached (as explained in the letter) are copies of motions filed last year by Yahoo! Inc., and YHKL in connection with a suit brought by Wang Xiaoning and Shi Tao.
Thank you,
Jessica
**Jessica Stebbins**
**O'Melveny & Myers LLP**
1999 Avenue of the Stars, Los Angeles, CA 90067
(310) 246-8556
jstebbins@omm.com
*This message and any attached documents contain information from the law firm*
*of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are*
*not the intended recipient, you may not read, copy, distribute, or use this*
*information. If you have received this transmission in error, please notify the*
*sender immediately by reply e-mail and then delete this message.*
<<8-15-08 Letter to Patrick Manshardt from Dan Petrocell.pdf>> <<Motion to Dismiss (final).pdf>> <<Motion to Dismiss for PJ_v1.PDF>> <<Anti-SLAPP Motion (final).pdf>> <<Motion for More Def. Statement.pdf>>

Get the MapQuest Toolbar. Directions, Traffic, Gas Prices & More!

Exhibit I



# O'MELVENY & MYERS LLP

BEIJING
BRUSSELS
HONG KONG
LONDON
LOS ANGELES
NEWPORT BEACH

1999 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-6035

TELEPHONE (310) 553-6700
FACSIMILE (310) 246-6779
www.omm.com

NEW YORK
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TOKYO
WASHINGTON, D.C.

September 2, 2008

OUR FILE NUMBER
0954120-0059

## VIA EMAIL AND CERTIFIED U.S. MAIL

WRITER'S DIRECT DIAL
(310) 246-6850

Patrick J. Manshardt
Southwestern Legal Foundation
One Bunker Hill Building, Eight Floor
601 West Fifth Street
Los Angeles, California 90071

WRITER'S E-MAIL ADDRESS
dpetrocelli@omm.com

Re:    *Cunzhu et al. v. Yahoo!, Inc., et al. (Case No. 3:08-cv-01068 MMC)*

Dear Mr. Manshardt:

Two weeks ago, I sent you a detailed letter outlining several concerns we have with your clients' complaint. At the time, you said you needed "a couple of days to do the necessary research to respond." You also raised the possibility that your clients will be soon be amending their complaint, and potentially adding further parties to this case. As of today, we have received no further response from you.

Our motion to dismiss is now due in only two weeks. As stated in our last letter, we would prefer that any amendments your clients wish to make take place *before* that filing. We also again urge you to consider dismissing or significantly narrowing your case, for the reasons stated in the letter. We also have our initial case management conference coming up in the very near future. Towards these ends, we need to know where your clients stand, and the status of the case going forward.

Please contact us immediately with your response.  We thank you for your time,

Very truly yours,

Daniel M. Petrocelli
of O'Melveny & Myers LLP

CC1:791511.1

Exhibit J



STATE BAR COURT DOCKETS

# Manshardt, Patrick J.

» New Search

| Case Name: | Manshardt, Patrick J. | Case Number: | 07-O-10914 |
|---|---|---|---|
| Member #: | 178085 | Venue: | LA |
| Status: | Open | Case Filed: | 12/10/2007 |
| Counsel: | Pro Per | Deputy Trial Counsel: | Brandon Keith Tady |
| Assigned Judge: | Richard Honn | | |

| Date | Description | Notes |
|---|---|---|
| 08/22/2008 | Hearing Order | TRANSFER INACTIVE 6007(E) EFFECTIVE DATE: 09/11/2008 |
| 07/24/2008 | Motion: Default/Inactive pur. 200/201/602 by Deputy Trial Counsel | DEFAULT PURS. TO 200/201 |
| 07/10/2008 | Document | ORDER PURSUANT TO IN PERSON STATUS CONFE RENCE |
| 06/30/2008 | Status Conference | HELD,NOT SUBMITTED |
| 06/06/2008 | Document | ORD RE R'S EVAL FOR THE ADP |
| 06/06/2008 | Document | SUBSTITUTION OF COUNSEL |
| 06/06/2008 | Trial | NOT HELD,REFERRED TO PROGRAM |
| 06/05/2008 | Trial | NOT HELD,REFERRED TO PROGRAM |
| 06/04/2008 | Trial | NOT HELD,REFERRED TO PROGRAM |

| 06/03/2008 | Alternative Discipline Program Conferenc | HELD,RE-ASSIGNED |
| 05/05/2008 | Alternative Discipline Program Conferenc | NOT HELD,CONTINUED |
| 03/03/2008 | Document | ORD RE R'S EVL FOR THE ADP |
| 02/29/2008 | Alternative Discipline Program Conferenc | HELD,CONTINUED |
| 01/28/2008 | Document | ORDER RE R'S EVALUATION FOR THE ADP |
| 01/25/2008 | Document | SUBSTITUTION OF COUNSEL |
| 01/25/2008 | Alternative Discipline Program Conferenc | HELD,CONTINUED |
| 01/15/2008 | Document | ORDER PURSUANT TO IN PERSON STATUS CONFE RENCE |
| 01/15/2008 | Ruling On Motion Filed 01/14/2008: Granted | REFERRAL TO ADP, NOT OPPOSED BY THE SB |
| 01/14/2008 | Motion: Motion/Request by Respondent | REFERRAL TO ADP, NOT OPPOSED BY THE SB |
| 01/14/2008 | Status Conference | HELD,REFERRED TO PROGRAM |
| 01/10/2008 | Status Conference | NOT HELD,CONTINUED |
| 12/12/2007 | Document | OF ASSIGNMENT AND NOTICE OF INITIAL STAT US CONFERENCE |
| 12/11/2007 | Document | |
| 12/10/2007 | Document | NOTICE OF DISCIPLINARY CHARGES |

» New Search

Contact Us    Site Map    Privacy Policy    Notices    ©2008 The State Bar of California

# Exhibit K

## Stebbins, Jessica

| | |
|---|---|
| **From:** | pjmanshardtlaw@aol.com |
| **Sent:** | Friday, September 05, 2008 11:59 AM |
| **To:** | Stebbins, Jessica |
| **Subject:** | Re: Attached letter from Dan Petrocelli |

My letter in response to you will be e-mailed to you on Monday.  Sorry for the delay.


-----Original Message-----
From: Stebbins, Jessica <jstebbins@OMM.com>
To: pjmanshardtlaw@aol.com
Cc: Petrocelli, Daniel <DPetrocelli@OMM.com>
Sent: Tue, 2 Sep 2008 2:20 pm
Subject: Attached letter from Dan Petrocelli


Patrick,
Please review the attached letter from Dan Petrocelli regarding the Zheng case.
Thank you,
Jessica
**Jessica Stebbins**
**O'Melveny & Myers LLP**
1999 Avenue of the Stars, Los Angeles, CA 90067
(310) 246-8556
jstebbins@omm.com
*This message and any attached documents contain information from the law firm*
*of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are*
*not the intended recipient, you may not read, copy, distribute, or use this*
*information. If you have received this transmission in error, please notify the*
*sender immediately by reply e-mail and then delete this message.*
<<9-2-08 Letter to Patrick Manshardt from Dan Petrocelli.pdf>>

Looking for spoilers and reviews on the new TV season? Get AOL's ultimate guide to fall TV.

9/9/2008

Exhibit L



# O'MELVENY & MYERS LLP

BEIJING
BRUSSELS
HONG KONG
LONDON
LOS ANGELES
NEWPORT BEACH

1999 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-6035

TELEPHONE (310) 553-6700
FACSIMILE (310) 246-6779
www.omm.com

NEW YORK
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TOKYO
WASHINGTON, D.C.

September 5, 2008

OUR FILE NUMBER
0954120-0059

## VIA EMAIL AND CERTIFIED U.S. MAIL

WRITER'S DIRECT DIAL
(310) 246-6850

Patrick J. Manshardt
Southwestern Legal Foundation
One Bunker Hill Building, Eight Floor
601 West Fifth Street
Los Angeles, California 90071

WRITER'S E-MAIL ADDRESS
dpetrocelli@omm.com

Re: *Cunzhu et al. v. Yahoo!, Inc., et al. (Case No. 3:08-cv-01068 MMC)*

Dear Mr. Manshardt:

This Tuesday, we sent you a letter requesting that you respond to our letter of two weeks ago regarding the merits of your clients' complaint, the factual and legal allegations underlying it, and whether plaintiffs will be amending their complaint or would otherwise like to meet and confer about the case's status and resolution. You have not responded in substance, but indicated in an email today that you plan to respond on Monday.

I write now to address an additional concern. It has been brought to our attention that you have once again been listed as ineligible to practice law in California, having been "ordered inactive" by the State Bar. http://members.calbar.ca.gov/search/member_detail.aspx?x=178085. We also note that the State Bar court docket shows that a disciplinary case has been pending against you since last December. These developments raise concern about our ability to communicate with you as plaintiffs' representative, as addressed in our letter of July 29, 2008—the last time a similar issue arose.

In a similar vein, we received an order from the Court today requiring an ADR conference among the parties in the coming weeks, but we do not know if we can meet and confer with you in advance of that conference or if we can participate in that discussion with you representing plaintiffs, given what we know about your current bar status. The same concern holds true for the case management conference to be held September 26.

Whether you can or do represent plaintiffs is a fundamental threshold issue. Until this is addressed and resolved, we intend to request an extension of time to respond to plaintiffs' current complaint and hold any ADR sessions in abeyance. To underscore the severity of the issue, we are forced to impose our requests on the Court because your suspension precludes us from communicating with you.

O'MELVENY & MYERS LLP
Patrick Manshardt, September 5, 2008 - Page 2


     What you can do for us is to advise us immediately if the State Bar website is mistaken about your status and if your suspension has been lifted, or if there is an active bar member representing plaintiffs with whom we can confer in your stead.  Again, we wish to avoid making this matter public, but if we do not hear from you by Monday morning, we will be required to address these matters with the Court.  We thank you for your time and look forward to your response.

                    Very truly yours,

                    Daniel M. Petrocelli
                    of O'Melveny & Myers LLP

CC1:791734.2