IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUNZHU ZHENG, et al., | No. C 08-1068 MMC |
| Plaintiffs, | **ORDER DISMISSING WITHOUT PREJUDICE CLAIMS AGAINST PEOPLE'S REPUBLIC OF CHINA; DIRECTIONS TO CLERK** |
| v. | |
| YAHOO! INC., et al., | |
| Defendants | |

By order filed December 28, 2009, the Court ordered plaintiffs to serve the remaining defendant, the People's Republic of China ("PRC"), no later than January 20, 2010, and to file proof of such service no later than January 27, 2010. Plaintiffs were advised that if they did not file such proof of service by the deadline, the Court would dismiss plaintiffs' claims against the PRC without prejudice. To date, plaintiffs have not filed proof of service of the summons and operative complaint on the PRC.

Accordingly, plaintiffs' claims against the PRC are hereby DISMISSED without prejudice.

//

//

Further, because the Court, by order filed December 2, 2009, dismissed plaintiffs' claims against all other defendants, the Clerk is hereby DIRECTED to enter judgment against plaintiffs and to close the file.[1]

**IT IS SO ORDERED.**

Dated: February 1, 2010

MAXINE M. CHESNEY
United States District Judge

---

[1] On January 4, 2010, plaintiff Cunzhu Zheng ("Zheng"), proceeding pro se and purportedly acting on behalf of himself and all other plaintiffs, filed an unsigned notice of appeal from the Court's December 2, 2009 order. "The filing of a notice of appeal generally divests the district court of jurisdiction over the matters appealed." Davis v. Unified States, 667 F.2d 822 (9th Cir. 1982). An order dismissing claims against some, but not all, defendants, however, is not an appealable order. See Frank Briscoe Co. v. Morrison-Knudsen Co., 776 F.2d 1414, 1416 (9th Cir.1985). Consequently, the Court will "disregard the purported notice of appeal" from the order of December 2, 2009, and will direct the Clerk to enter judgment. See Ruby v. Secretary of the U.S. Navy, 365 F.2d 385, 389 (9th Cir. 1966) (holding improper appeal does not deprive district court of jurisdiction).